[Cite as *State v. Hagerman*, 2019-Ohio-5170.]

# IN THE COURT OF APPEALS OF OHIO
## THIRD APPELLATE DISTRICT
## DEFIANCE COUNTY

STATE OF OHIO,

     PLAINTIFF-APPELLEE,                  CASE NO. 4-19-12

     v.

CARL M. HAGERMAN,                    O P I N I O N

     DEFENDANT-APPELLANT.

STATE OF OHIO,

     PLAINTIFF-APPELLEE,                  CASE NO. 4-19-13

     v.

CARL M. HAGERMAN,                    O P I N I O N

     DEFENDANT-APPELLANT.

**Appeals from Defiance County Common Pleas Court**
**Trial Court Nos. 18-CR-13026 and 18-CR-13111**

**Judgments Affirmed**

**Date of Decision: December 16, 2019**

APPEARANCES:

    *Timothy C. Holtsberry* **for Appellant**

    *Russell R. Herman* **for Appellee**

**SHAW, J.**

{¶1} Defendant-appellant, Carl Hagerman ("Hagerman"), brings these appeals from the July 8, 2019, judgments of the Defiance County Common Pleas Court denying Hagerman's post-sentence motions to withdraw his guilty pleas in trial court case numbers 18CR13026 and 18CR13111. On appeal, Hagerman argues that the trial court erred in denying his motions to withdraw his guilty pleas because he claims there was a violation of his statutory speedy trial rights.

*Background*

{¶2} On January 26, 2018, Hagerman was indicted in trial court case 18CR13026 for Trafficking in Cocaine in violation of R.C. 2925.03(A)(1)/(C)(4)(c), a felony of the fourth degree, and Trafficking in Cocaine in violation of R.C. 2925.03(A)(1)/(C)(4)(d), a felony of the third degree. The first count alleged that Hagerman sold 6.11 grams of cocaine to a confidential informant ("CI") on Nov 30, 2017, and the second count alleged that Hagerman then sold 11.32 grams of cocaine to a CI on December 7, 2017. After an attorney was appointed for him, Hagerman proceeded to arraignment wherein he pled not guilty to the charges. At that time, he was released on his own recognizance. A pretrial hearing was scheduled for March 15, 2018.

{¶3} Hagerman failed to appear for the March 15, 2018, pretrial hearing and a bench warrant was issued for his arrest. Hagerman was then indicted in trial court

case 18CR13111 for Failure to Appear in violation of R.C. 2937.99(A), a felony of the fourth degree.

{¶4} After Hagerman was located, on June 11, 2018, Hagerman made an initial appearance on the newly filed 18CR13111 case. The same attorney that represented Hagerman in trial court case 18CR13026 was appointed to represent him. Hagerman pled not guilty to the Failure to Appear charge. The court set bond and another pretrial hearing was scheduled on both cases.[1]

{¶5} On July 2, 2018, a pretrial hearing was held wherein Hagerman requested on the record to have a new attorney appointed for him. He stated that he was unsatisfied with his attorney for not being able to secure electronic home monitoring and for failing to get the State to change its plea offer. The trial court then attempted to appoint an attorney who was next on the court's appointment list, but Hagerman rejected the attorney, stating that the proposed attorney was not a good lawyer and that the proposed attorney had failed to catch a statutory speedy trial issue in one of Hagerman's prior cases. The trial court then went to the next person on the list and appointed Hagerman a new attorney.

{¶6} After being appointed, Hagerman's new attorney filed *inter alia*, a discovery demand; however, upon receiving discovery, the attorney filed a motion

---

[1] On June 28, 2018, the State filed a "Notice to the Court and Motion for Imposition of PRC time" arguing that Hagerman was on post-release control at the time of the commission of the offenses in these matters. The State requested that maximum prison terms be imposed under R.C. 2929.141.

to withdraw as counsel because she realized she represented the CI. The trial court granted the motion to withdraw and appointed another new attorney.

{¶7} On September 5, 2018, a hearing was held on both indictments. At the hearing, the parties advised the trial court that a plea agreement had been reached. Pursuant to the agreement, Hagerman would plead guilty to all three counts against him in both pending indictments. In exchange, the State agreed to a joint sentencing recommendation of an aggregate forty-eight month prison term. In addition, the State agreed not to oppose an "OR" bond while a presentence investigation was prepared for sentencing.

{¶8} A Criminal Rule 11 dialogue was conducted, and the trial court determined that Hagerman was entering knowing, intelligent, and voluntary pleas. Hagerman expressly stated that he was satisfied with his attorney, and that no promises had been made to him other than those that were recited on the record. A factual basis for the charges was read into the record, Hagerman admitted that the facts were true when asked by the trial court, and the trial court then found him guilty. The trial court set sentencing for a later date and ordered a presentence investigation, though the trial court cautioned Hagerman that he had a history of failing to appear for hearings and that if he did not attend his sentencing hearing, he could face a harsher sentence and/or additional charges. Hagerman stated that he

understood. Sentencing was set for October 30, 2018, and Hagerman was released on his own recognizance.

{¶9} On October 30, 2018, the matter proceeded to sentencing but Hagerman did not appear. A bench warrant was issued for his arrest. Although unrelated to the appeals before us, Hagerman was indicted in trial court case 18CR13372 for two counts of Failure to Appear, both fourth degree felonies.

{¶10} On January 23, 2019, Hagerman's then-current attorney filed a motion to withdraw as counsel indicating that Hagerman failed to appear for the sentencing hearing and the attorney had been unable to contact Hagerman despite numerous attempts. The motion to withdraw was granted.

{¶11} The record indicates that Hagerman was located and served with the outstanding arrest warrant on February 6, 2019.

{¶12} On February 11, 2019, a hearing was held wherein Hagerman was informed of the charges against him in the newly filed trial court case 18CR13372. An attorney was appointed for Hagerman and the matter was continued for arraignment until Hagerman could speak with his appointed counsel. Prior to the conclusion of the February 11, 2019, hearing, Hagerman stated that he had not shown up previously to the sentencing hearing because his attorney had lied to him and because Hagerman found out that his "rights were violated." Hagerman claimed that he was "Way over [his] ninety day mark" for statutory speedy trial purposes.

Hagerman asked if there was any way he could withdraw his pleas, and the trial court told Hagerman to talk to his newly appointed attorney about doing that and it would then be addressed.

{¶13} On February 21, 2019, another hearing was held, which began with Hagerman's arraignment on the newest case against him, 18CR13372. Regarding that case, Hagerman pled not guilty and a pretrial hearing was set for a later date.

{¶14} The trial court then asked if there was any reason not to proceed to sentencing in the other cases, and defense counsel formally requested that Hagerman be allowed to withdraw his guilty pleas. Hagerman's attorney stated that Hagerman was under the impression that his attorney would attempt to renegotiate the State's sentencing recommendation prior to sentencing but the attorney did not. Hagerman's attorney also argued that Hagerman felt there was a "time issue that his lawyer didn't look into."

{¶15} After Hagerman's attorney made the request, the trial court stated that it had conducted a full and complete Criminal Rule 11 inquiry, which included asking whether any promises were made other than what had been stated on the record. The trial court emphasized that Hagerman expressly denied that there was any inducement other than what had been stated on the record. Having denied Hagerman's motion, the trial court proceeded to sentencing.

{¶16} Despite Hagerman's failure to appear at sentencing, and the subsequent charges that had been filed, the State maintained its sentencing recommendation. Hagerman made a statement on his own behalf indicating that he now had a second degree felony pending in the Tipp City area. The trial court recited Hagerman's lengthy criminal history and stated that the forty-eight months was a low recommendation given that Hagerman was facing a potential ninety-nine months when factoring in PRC time. Nevertheless, the trial court indicated it would give Hagerman the "benefit of [his] negotiated resolution." (Tr. at 12). The trial court then imposed the forty-eight month prison term the parties had previously recommended.[2]

{¶17} Judgment entries memorializing Hagerman's convictions and sentence were filed February 26, 2019. Importantly, *Hagerman did not file direct appeals from the trial court's judgments.*

{¶18} On April 3, 2019, Hagerman, proceeding *pro se*, filed motions to withdraw his guilty pleas in trial court cases 18CR13026 and 18CR13111. Hagerman argued that he received inadequate representation because his attorney did not have the purity of the cocaine tested, because his attorney did not investigate

---

[2] That sentence consisted of twelve months in prison on the fourth degree felony Trafficking charge, twenty-four months in prison on the third degree felony trafficking charge, and twelve months in prison on the Failure to Appear charge, all to be served consecutive to each other, for an aggregate forty-eight months in prison.

"lies" that the CI made to law enforcement, and because his attorney did not press his statutory speedy trial rights.

{¶19} On July 8, 2019, the trial court held a hearing wherein it first dealt with Hagerman's post-sentence motions to withdraw his guilty pleas. The trial court indicated that it had reviewed the motions and determined that no "manifest injustice" existed in this matter, so the motions to withdraw were denied.[3]

{¶20} On July 9, 2019, the trial court filed judgment entries memorializing the denials of Hagerman's post-sentence motions to withdraw his pleas. Hagerman filed appeals from the trial court's entries denying his post-sentence motions to withdraw his guilty pleas, asserting the following assignments of error for our review.

**Assignment of Error No. 1**
**Trial Court violated the constitutional and statutory speedy trial rights of the appellant.**

**Assignment of Error No. 2**
**The trial court erred in denying appellant's motion to withdraw his guilty plea.**

{¶21} Due to the nature of the discussion, we elect to address the assignments of error together.

---

[3] The trial court then proceeded to a hearing on multiple other cases against Hagerman, which were disposed of, specifically 18CR13372, and 19CR13500. Those cases are not subject to this appeal and we will not further address them.

*First and Second Assignments of Error*

**{¶22}** In Hagerman's assignments of error, he argues that the trial court erred by denying his post-sentence motions to withdraw his guilty pleas. Specifically he contends that his statutory speedy trial rights were violated.

Standard of Review

**{¶23}** Criminal Rule 32.1 provides that "to correct manifest injustice[,] the court after sentence may set aside the judgment of conviction and permit the defendant to withdraw his or her plea." A defendant seeking to withdraw a guilty plea after sentencing has the burden of establishing a manifest injustice. *State v. Smith*, 49 OhioSt.2d 261 (1977) at paragraph 1 of the syllabus. A trial court's decision on a post-sentence motion to withdraw a guilty plea is reviewed under an abuse of discretion standard. *Id.* at paragraph 2 of the syllabus. An abuse of discretion is a decision that is unreasonable, arbitrary, or capricious. *Blakemore v. Blakemore*, 5 Ohio St.3d 217, 219 (1983).

Analysis

**{¶24}** At the outset of our analysis, we emphasize that Hagerman did not file timely direct appeals from his convictions and sentence. Rather, after his time for filing a direct appeal had passed, he filed post-sentence motions to withdraw his guilty pleas. All of Hagerman's claims in these appeals, and those he made in his

motions to withdraw his guilty pleas, could have been raised in timely direct appeals but they were not, therefore they are barred by the doctrine of res judicata. *State v. Grimes*, 2d Dist. Montgomery No. 26636, 2017-Ohio-25, ¶ 11, citing *State v. Owens,* 4th Dist. Scioto No. 14CA3641, 2015–Ohio–1509, ¶ 15, citing *State v. Lofton,* 4th Dist. Pickaway No. 12CA21, 2013–Ohio–1121, ¶ 8 ("We further point out that the ineffective assistance from trial counsel issue and the speedy trial rights issue are matters that could have been raised in a first appeal of right. However, they were not raised and appellant is barred from raising them here by the doctrine of res judicata."); *State v. Ketterer,* 126 Ohio St.3d 448, 2010–Ohio–3831, ¶ 59 ("Ohio courts of appeals have applied res judicata to bar the assertion of claims in a motion to withdraw a guilty plea that were or could have been raised at trial or on appeal.").

{¶25} Notwithstanding the application of res judicata to Hagerman's arguments, Hagerman waived his right to contest his convictions on statutory speedy trial grounds when he entered guilty pleas in this matter. *Montpelier v. Greeno*, 25 Ohio St.3d 170, 171 (1986) ("We are in agreement with the legion view that generally a guilty plea waives a defendant's right to raise the statutory right to a speedy trial on appeal."); *State v. Robertson*, 5th Dist. Stark No. 2002CA00156, 2002-Ohio-4272, ¶ 12; *State v. Johnson*, 10th Dist. Franklin No. 16AP-134, 2016-Ohio-5904, ¶ 18; *see also State v. Spates*, 64 Ohio St.3d 269, 1992-Ohio-130 (1992)

("When a criminal defendant has solemnly admitted in open court that he is in fact guilty of the offense with which he is charged, he may not thereafter raise independent claims relating to the deprivation of constitutional rights that occurred prior to the entry of the guilty plea."). Thus Hagerman's guilty pleas waived his ability to challenge his convictions under statutory speedy trial grounds.

{¶26} We note that in his brief, Hagerman devotes a significant amount of space to argument regarding the denial of his *presentence* motions to withdraw his guilty pleas; however, these issues are also barred by res judicata as they *were not appealed*. Even if they were not barred by res judicata, the record merely reflects a change of heart on Hagerman's part. Hagerman's claim that his attorney promised to negotiate down the "jointly recommended sentence" that had been presented at the plea hearing is wildly spurious and directly contrary to statements made by Hagerman at the plea hearing.

{¶27} Finally, it is Hagerman's burden to establish a manifest injustice and he has not done so based on the briefs and the record here. There were numerous tolling events and numerous cases pending against Hagerman for which he was being held, including a post-release control holder at one point.[4]

---

[4] Hagerman also argues summarily that the cocaine's purity had not been tested and if it had he could not have been convicted of the level of offenses that he was. Even ignoring that this could have been raised on direct appeals, the purity argument was flatly rejected in *State v. Gonzales*, 150 Ohio St.3d 276, 2017-Ohio-777.

Case Nos. 4-19-12, 4-19-13

**{¶28}** In sum, there are numerous reasons why Hagerman has failed to demonstrate a manifest injustice in these matters. Therefore, his first and second assignments of error are overruled.

*Conclusion*

**{¶29}** For the foregoing reasons, Hagerman's assignments of error are overruled and the judgments of the Defiance County Common Pleas Court are affirmed.

***Judgments Affirmed***

**ZIMMERMAN, P.J. and PRESTON, J., concur.**

**/jlr**