OPINION
{¶ 1} Defendant, Jamarr R. Stone, appeals from the trial court's order that dismissed Stone's petition for post-conviction relief.
 {¶ 2} Stone was convicted on his guilty plea of the offense of murder. R.C. 2903.02(A). He was sentenced to *Page 2 
serve a term of imprisonment of from fifteen years to life. Stone took no direct appeal from his conviction and sentence.
 {¶ 3} Subsequently, Stone filed a timely petition for post-conviction relief pursuant to R.C. 2953.21. The petition was supported by two affidavits: Stone's own affidavit and an affidavit of Andrea S. Carter, who identified herself as Stone's fiancee. The trial court dismissed Stone's petition for failure to submit affidavits necessary to prove the factual contentions on which the grounds for relief in the petition are predicated. R.C. 2953.21(A)(1)(a). The dismissal was based on the court's finding that the affidavits Stone filed are not credible.State v. Calhoun, 86 Ohio St.3d 279, 1999-Ohio-102.
 {¶ 4} Stone filed a timely notice of appeal to this court. He presents four assignments of error.
THIRD ASSIGNMENT OF ERROR
 {¶ 5} "APPELLANT'S GUILTY PLEA WAS NOT MADE WITH THE EFFECTIVE ASSISTANCE OF COUNSEL, RENDERING THE RESULTS OF THE PLEA CONSTITUTIONALLY INFIRM, AND THE TRIAL COURT'S FAILURE TO GRANT RELIEF WAS PREJUDICIAL ERROR."
 {¶ 6} Because Stone was convicted on his guilty plea and took no direct appeal, the only grounds for post-conviction relief available to him is his claim of ineffective assistance *Page 3 
of counsel, and then only to the extent that counsel's alleged ineffective assistance impaired the knowing and voluntary nature of Stone's guilty pleas. State v. Kidd (August 4, 2006), Clark App. No. 2005-CA-37, 2006-Ohio-4008.
 {¶ 7} Stone averred in his affidavit that "I was coerce(d), manipulated, and frighten(ed) into entering a guilty plea; therefore, it was not made knowingly, intelligently, and voluntarily." The factual contentions Stone also makes are that his attorney failed to investigate the case against him by interviewing witnesses and/or obtaining the assistance of an investigator. Stone does not indicate what help the witnesses might have provided, though his contentions suggest that they might support a self-defense claim.
 {¶ 8} Carter avers in her affidavit that Stone's attorney decided to not retain an investigator and instead spend the money an investigator would cost on a ballistics expert, but that he never retained a ballistics expert. The expert would, presumably, say that the victim was not running away when he was shot, as the State suggested.
 {¶ 9} The trial court rejected the credibility of the affidavits Stone submitted on the factors laid out in Calhoun and State v. Moore (1994),99 Ohio App.3d 748. The court in *Page 4 
its decision and entry (Dkt. 34) noted that Stone stated in entering his guilty plea that he had discussed the case and any possible defenses with his attorney and was fully satisfied with the advice and representation his attorney provided, that he understood the plea proceeding, that no promises or threats had been made to induce his guilty plea, and that in entering the guilty plea Stone was admitting the truth of the facts the prosecutor had presented. The court also referred to the remorse for his conduct Stone expressed in the following statement to the victim's family:
 {¶ 10} "I'm sorry for acting in a rage and taking your son's life * * * I just want to say I'm sorry and I wish that we could rewind time and neither one of us were at that bar that night * * * I just want you to believe me, understand. I'm sorry."
 {¶ 11} The trial court judge further noted that he had sat in Stone's guilty plea proceeding and was able to observe Stone and his attorney. On that basis, and because the affidavits Stone presented are his and that of another person who is interested in the success of the petition, and because Stone's claims directly contradict the statements he made when his guilty plea was entered, the court found that the evidentiary material Stone submitted, the affidavits, lacked *Page 5 
sufficient credibility to support his claim of ineffective assistance. Therefore, the court dismissed Stone's petition for post-conviction relief without a hearing.
 {¶ 12} We review the trial court's judgment on the abuse of discretion standard. "The term `abuse of discretion' connotes more than an error of law or judgment; it implies that the court's attitude is unreasonable, arbitrary, or unconscionable." Blakemore v. Blakemore (1983),5 Ohio St.3d 217, 219, quoting from State v. Adams (1980), 62 Ohio St.2d 151,157.
 {¶ 13} The reasons cited by the trial court satisfy several of theCalhoun factors. Stone fails to demonstrate how they do not. The court did not abuse its discretion in rejecting the affidavits Stone filed for lack of credibility, which, in turn, permitted the court to dismiss the petition for Stone's failure to submit evidentiary documents containing sufficient operative facts to demonstrate his ineffective assistance claim. Id.
 {¶ 14} The third assignment of error is overruled.
 {¶ 15} Stone presents three other assignments of error. They are rendered moot by our ruling on his third assignment of error, and therefore need not be decided. App.R. 12(A)(1)(c). The judgment of the trial court will be *Page 6 
Affirmed.
 WOLFF, P.J. And BROGAN, J., concur. *Page 1