[Cite as *State v. Hildebrand*, 2013-Ohio-2122.]

**IN THE COURT OF APPEALS OF OHIO**
**SECOND APPELLATE DISTRICT**
**CLARK   COUNTY**

| | | |
|---|---|---|
| STATE OF OHIO | : | |
| | : | Appellate Case No. 2012-CA-48 |
| Plaintiff-Appellee | : | |
| | : | Trial Court Case No. 2006-CR-1147 |
| v. | : | |
| | : | |
| KYLE HILDEBRAND | : | (Criminal Appeal from |
| | : |  Common Pleas Court) |
| Defendant-Appellant | : | |
| | : | |

· · · · · · · · · · ·

O P I N I O N

Rendered on the 24th day of May, 2013.

· · · · · · · · · · ·

LISA M. FANNIN, Atty, Reg. #0082337, Clark County Prosecutor's Office, 50 East Columbia Street, 4th Floor, Post Office Box 1608, Springfield, Ohio 45501
        Attorney for Plaintiff-Appellee

A. MARK SEGRETI, JR., Atty. Reg. #0009106, 1405 Streamside Drive, Dayton, Ohio 45459
        Attorney for Defendant-Appellant

· · · · · · · · · · · · ·

HALL, J.,

{¶ 1}    Kyle Hildebrand appeals from the trial court's denial of a post-sentence motion to withdraw his guilty plea.

{¶ 2} Hildebrand filed the motion at issue on March 20, 2012, seeking to withdraw his 2007 guilty plea to a murder charge. (Doc. #43). In support, he argued that the trial court had failed to comply with Crim.R. 11(C) during his plea hearing. Specifically, he claimed the trial court had failed to advise him about his right against self-incrimination, his right to a jury trial, his right to confront his accusers, and his right to compulsory process. (*Id*. at 2-4).

{¶ 3} The trial court overruled Hildebrand's motion on May 3, 2012. (Doc. #44). It first noted that he had filed two prior, unsuccessful motions to withdraw his plea. Based on its review of the record and written arguments, the trial court then concluded that his most recent motion likewise lacked merit. (*Id*.).

{¶ 4} Hildebrand advances two assignments of error on appeal. First, he contends the trial court abused its discretion in failing to hold an evidentiary hearing on his March 20, 2012 motion to withdraw his guilty plea. Second, he claims the trial court abused its discretion in not appointing counsel to assist him.

{¶ 5} Neither assignment of error has merit. As a threshold matter, we note that Hildebrand previously filed an identical motion on October 25, 2011, arguing that his guilty plea was invalid due to the same alleged non-compliance with Crim.R. 11(C). (Doc. #39). The trial court overruled that motion on February 9, 2012. (Doc. #42). Hildebrand's March 20, 2012 motion repeats, verbatim, the arguments raised in his failed October 25, 2011 motion. But res judicata precludes him from re-litigating the same issues with the hope of obtaining a different result.

{¶ 6} In any event, Hildebrand's arguments fail on their merits. The trial court was not required to hold an evidentiary hearing where the Crim.R. 11(C) issue he raised could be resolved

by examining the plea-hearing transcript. In fact, our review of that transcript, which is part of the record, reveals that the trial court explicitly informed Hildebrand of the rights mentioned in his motion. (*See* Plea Tr. at 12-14). As for the appointment of counsel, the trial court had no obligation to appoint counsel to assist him with a successive, post-sentence motion to withdraw a guilty plea entered five years earlier. *See*, *e.g.*, *State v. Cochran*, 5th Dist. Licking No. 09CA0088, 2009-Ohio-5977, ¶22-26. This is particularly true given that the issue Hildebrand raised required only a review of the plea-hearing transcript.

{¶ 7} Hildebrand's assignments of error are overruled, and the judgment of the Clark County Common Pleas Court is affirmed.

. . . . . . . . . . . . .

DONOVAN and WELBAUM, JJ., concur.

Copies mailed to:

Lisa M. Fannin
A. Mark Segreti, Jr.
Hon. Richard J. O'Neill