[Cite as *State v. Fannon*, 2014-Ohio-2673.]

**IN THE COURT OF APPEALS OF OHIO**
**SECOND APPELLATE DISTRICT**
**MONTGOMERY COUNTY**

| | | |
|---|---|---|
| STATE OF OHIO | : | |
| | : | |
| Plaintiff-Appellee | : | Appellate Case No.    25957 |
| | : | |
| v. | : | Trial Court Case No.   2011-TRD-591 |
| | : | |
| CHRISTIAN P. FANNON | : | |
| | : | (Criminal Appeal from |
| Defendant-Appellant | : |  Municipal Court) |
| | : | |

. . . . . . . . . . .

O P I N I O N

Rendered on the 20th day of June, 2014.

. . . . . . . . . . .

JOHN D. EVERETT, Atty. Reg. No. 0069911, City of Kettering Prosecuting Attorney, 2325 Wilmington Pike, Kettering, Ohio 45420
     Attorney for Plaintiff-Appellee

CHRISTIAN P. FANNON, Inmate No. 655-863, Belmont Correctional Institution, P.O. Box 540, Saint Clairsville, Ohio 43950
     Defendant-Appellant-Pro Se

. . . . . . . . . . . . .

WELBAUM, J.

{¶ 1}  Defendant-appellant, Christian P. Fannon, appeals pro se from the decision of the Kettering Municipal Court overruling his post-sentence motion to withdraw his guilty plea. For the reasons outlined below, the judgment of the trial court will be affirmed.

**Facts and Course of Proceedings**

{¶ 2}  On January 16, 2011, Fannon received a traffic citation for speeding in violation of Kettering Ordinance 434.03, driving under a non-compliance suspension in violation of R.C. 4510.16, and driving under an administrative license suspension in violation of R.C. 4510.14. While the citation was made out to Fannon, Fannon's personal information on the citation was partially incorrect. In addition, the citing officer's notes attached with the citation referred to the driver as an individual named Aaron Ames.

{¶ 3}  Fannon initially pled not guilty to all the traffic charges. However, as part of a subsequent plea agreement, Fannon agreed to plead guilty to a reduced charge of operating a vehicle without a valid license in violation of R.C. 4510.12. In exchange for his guilty plea, the original charges were dismissed. Fannon entered his guilty plea on March 2, 2011, and was thereafter sentenced to pay a $200 fine and court costs. However, on June 17, 2011, the trial court waived the fine and suspended the court costs due to Fannon being sentenced to a prison term in a different matter. Fannon did not appeal from his conviction or sentence for the traffic offense.

{¶ 4}  Over a year later, on November 27, 2012, Fannon wrote the trial court a letter claiming that he was erroneously convicted of the traffic offense because the citing officer

mistakenly identified him as the driver of the vehicle. In support of his claim, Fannon pointed out the errors in the traffic citation and claimed that he was merely a passenger of the vehicle that was driven by Ames. Fannon did not claim that he was unaware of the errors in the citation prior to pleading guilty. However, he did claim that his trial counsel pressured him into pleading guilty to the charge even though his identity had been mistaken and incorrectly recorded on the citation.

{¶ 5} The court treated Fannon's letter as a motion to withdraw guilty plea and overruled the motion on December 7, 2012. In so holding, the trial court found that the motion was untimely, as it was filed 20 months after Fannon was sentenced. The trial court also found that the claims in the motion lacked credibility and held that Fannon failed to demonstrate a manifest injustice warranting the withdrawal of his plea. Fannon did not appeal from the trial court's decision.

{¶ 6} Eight months later, on August 12, 2013, Fannon filed a pro se motion to vacate or set aside his conviction. In that motion, Fannon requested the trial court to withdraw his guilty plea pursuant to Crim.R. 32.1. Although specifically alleging that he was denied effective assistance of counsel and that he did not enter his guilty plea intelligently, the motion contained the same essential arguments that were advanced in his November 27, 2012 letter. On August 20, 2013, the court denied the motion as moot given that the court had already ruled on Fannon's request to withdraw his plea in its December 7, 2012 decision.

{¶ 7} Fannon now appeals from the trial court's decision denying his Crim.R. 32.1 motion to withdraw his guilty plea, raising two assignments of error for review.

**Assignment of Error No. I**

{¶ 8}   Fannon's First Assignment of Error is as follows:

THE TRIAL COURT ERRED IN ACCEPTING DEFENDANT'S GUILTY PLEA, WHICH HAD NO FACTUAL BASIS UNDER OHIO LAW.

{¶ 9}   While the arguments in Fannon's appellate brief are not entirely clear, we construe his First Assignment of Error as claiming that the trial court erred in overruling his Crim.R. 32.1 motion to withdraw his guilty plea on grounds that the plea was void.   Specifically, Fannon claims that his plea was void because he was allegedly forced to plead guilty to an offense that he did not commit.

{¶ 10}   " 'A motion made pursuant to Crim.R. 32.1 is addressed to the sound discretion of the trial court, and the good faith, credibility and weight of the movant's assertions in support of the motion are matters to be resolved by that court.' "   *State v. Wilson*, 2d Dist. Montgomery No. 25482, 2014-Ohio-1764, ¶ 27, quoting *State v. Smith*, 49 Ohio St.2d 261, 361 N.E.2d 1324 (1977), paragraph two of the syllabus.   Therefore, "[w]e will not reverse a trial court's decision to deny a motion to withdraw a guilty plea absent an abuse of discretion."   *State v. Ross*, 2d Dist. Miami No. 2013 CA 1, 2013-Ohio-2766, ¶ 6, citing *State v. Xie*, 62 Ohio St.3d 521, 527, 584 N.E.2d 715 (1992).   (Other citation omitted.)   "A trial court abuses its discretion when it makes a decision that is unreasonable, unconscionable, or arbitrary."   (Citation omitted.)   *State v. Darmond*, 135 Ohio St.3d 343, 2013-Ohio-966, 986 N.E.2d 971, ¶ 34.

{¶ 11}   The doctrine of res judicata bars a defendant from raising matters in a post-sentence Crim.R. 32.1 motion that " ' "could fairly [have] be[en] determined" in a direct appeal from his conviction, without resort to evidence outside the record.' "   *Wilson* at ¶ 28,

quoting *State v. Tekulve*, 188 Ohio App.3d 792, 2010-Ohio-3604, 936 N.E.2d 1030, ¶ 5 (1st Dist.). Additionally, "if a Crim.R. 32.1 motion asserts grounds for relief that were or should have been asserted in a previous Crim.R. 32.1 motion, res judicata applies and the second Crim.R. 32.1 motion will be denied." (Footnote omitted.) *State v. Brown*, 8th Dist. Cuyahoga No. 84322, 2004-Ohio-6421, ¶ 7. *Accord State v. Hildebrand*, 2d Dist. Clark No. 2012-CA-48, 2013-Ohio-2122, ¶ 5; *State v. Moncrief*, 10th Dist. Franklin No. 13AP-391, 2013-Ohio-4571, ¶ 8. "The doctrine of res judicata applies to the second and all successive postsentence motions to withdraw a plea under Crim.R. 32.1, whether the original motion is properly labeled as a Crim.R. 32.1 motion or not." (Citations omitted.) *State v. Burnside*, 7th Dist. Mahoning No. 09 MA 179, 2010-Ohio-3158, ¶ 5.

**{¶ 12}** Like the trial court, we construe Fannon's November 27, 2012 letter as a motion to withdraw his guilty plea under Crim.R. 32.1, and we will refer to it as such throughout this opinion. Accordingly, Fannon essentially filed two post-sentence motions to withdraw his plea. In both motions, Fannon argued that he was wrongly convicted of driving without a valid license due to his name being mistakenly recorded on the traffic citation. He also argued that his trial counsel advised or pressured him to plead guilty to an offense that he did not commit. While Fannon's second motion specifically alleges ineffective assistance of counsel, the arguments underlying his ineffective assistance claim were previously raised as part of his first motion. Since Fannon already raised the foregoing arguments in his first motion, which the trial court denied, res judicata bars him from raising them a second time in a subsequent motion. *See Hildebrand* at ¶ 5.

**{¶ 13}** In addition, unlike his first motion, Fannon's second motion to withdraw his

guilty plea claims that his plea was not made "intelligently" due to the errors in the traffic citation. We note that Fannon did not claim that he was unaware of the errors prior to pleading guilty or that he did not understand what he was pleading guilty to. He also did not raise any objection to the citation prior to pleading guilty, which constitutes a waiver of the issue. *See* Ohio Traffic Rule 11 (B)(1)(b) and (F). Regardless, Fannon's claim that his plea was not intelligently made could have been raised in a direct appeal from his conviction and is therefore barred by the doctrine of res judicata since the claim is not based on matters outside of the record.

{¶ 14} Even if res judicata did not operate to bar the claims in Fannon's second motion to withdraw his plea, we do not find that the trial court abused its discretion in overruling the motion. "A post-sentence motion to withdraw guilty plea may be made only to correct a manifest injustice." *State v. Beavers*, 10th Dist. Franklin No. 11AP-1064, 2012-Ohio-3654, ¶ 7, citing Crim.R. 32.1. Manifest injustice " 'is an extremely high standard, which permits a defendant to withdraw his guilty plea only in extraordinary cases.' " *State v. Tabor*, 10th Dist. Franklin No. 08AP-1066, 2009-Ohio-2657, ¶ 6, quoting *State v. Price*, 4th Dist. Washington No. 07CA47, 2008-Ohio-3583, ¶ 11. " 'A "manifest injustice" comprehends a fundamental flaw in the path of justice so extraordinary that the defendant could not have sought redress from the resulting prejudice through another form of application reasonably available to him or her.' " *State v. Brooks*, 2d Dist. Montgomery No. 23385, 2010-Ohio-1682, ¶ 8, quoting *State v. Hartzell*, 2d Dist. Montgomery No. 17499, 1999 WL 957746, *2 (Aug. 20, 1999). "The movant has the burden to demonstrate that a manifest injustice occurred." *Id.*, citing *Smith*, 49 Ohio St.2d 261, 361 N.E.2d 1324, at paragraph one of the syllabus.

{¶ 15} Also, while Crim.R. 32.1 does not prescribe a time limitation for filing a

post-sentence motion to withdraw a plea, an undue delay in filing the motion adversely affects the credibility of the movant's claims. *State v. Bush*, 96 Ohio St.3d 235, 2002-Ohio-3993, 773 N.E.2d 522, ¶ 14, citing *Smith* at paragraph three of the syllabus.

{¶ 16} In this case, Fannon's first motion to withdraw his guilty plea was filed nearly two years after sentencing, and the second motion was filed eight months later. Fannon gave no excuse for the delay in filing his motions. Based on the substantial delay, it was reasonable for the trial court to find that the claims in Fannon's motions lacked credibility.

{¶ 17} Moreover, both of Fannon's motions also failed to demonstrate a manifest injustice warranting the withdrawal of his plea. In each motion, Fannon alleged that he was wrongly convicted of the traffic offense due to his name being incorrectly recorded on the traffic citation. However, the fact remains that Fannon pled guilty to the charge and took responsibility for the offense. *See State v. Greathouse*, 158 Ohio App.3d 135, 2004-Ohio-3402, 814 N.E.2d 502, ¶ 8 (2d Dist.) ("A guilty plea admits the facts set forth in the indictment").

{¶ 18} Furthermore, while Fannon argued in his second motion that his plea was not intelligently made, he never claimed that he did not understand what he was pleading guilty to or that he was unaware of the error in the citation prior to entering his plea. We also must presume the regularity of his plea proceedings given that Fannon failed to file a transcript of the plea hearing. *See City of Columbus v. Hodge*, 37 Ohio App.3d 68, 523 N.E.2d 515 (10th Dist.1987), citing *Knapp v. Edwards Laboratories*, 61 Ohio St.2d 197, 199, 400 N.E.2d 384 (1980) ("The duty to provide a transcript for appellate review falls upon the appellant. * * * When portions of the transcript necessary for resolution of assigned errors are omitted from the record, we have nothing to pass upon and, thus, we have no choice but to presume the validity of the lower court's

proceedings and affirm").

{¶ 19} Finally, Fannon alleged that his counsel pressured him to plead guilty to an offense he did not commit. However, other than the bare assertions in his untimely motions, there is no evidence that his counsel pressured him to plead guilty. Based on the facts and circumstances here, combined with the untimeliness of his motion, it was reasonable for the trial court to conclude that Fannon's allegations regarding his trial counsel lacked credibility.

{¶ 20} For the foregoing reasons, we find that the claims in Fannon's Crim.R. 32.1 motion to withdraw his guilty plea are barred by the doctrine of res judicata, and that the trial court also did not abuse its discretion in denying the motion. Accordingly, Fannon's First Assignment of Error is overruled.

### Assignment of Error No. II

{¶ 21} Fannon's Second Assignment of Error is as follows:

THE TRIAL COURT ABUSED ITS DISCRETION WHEN IMPOSING SENTENCE UPON DEFENDANT.

{¶ 22} Under this assignment of error, Fannon makes a general allegation that the trial court abused its discretion in ordering him to pay a $200 fine and court costs following his guilty plea to operating a vehicle without a valid license. Fannon, however, fails to explain how the trial court's decision ordering him to pay a $200 fine and court costs, both of which were waived, constitutes an abuse of discretion. Rather, Fannon argues that he was subject to cruel and unusual punishment in violation of the Eighth Amendment to the United States Constitution.

{¶ 23} "Arguments challenging the imposition of a sentence that is voidable are barred

by the doctrine of res judicata if not raised on direct appeal." (Citation omitted.) *State v. Parson*, 2d Dist. Montgomery No. 24641, 2012-Ohio-730, ¶ 10. "[A] voidable sentence is one that a court has jurisdiction to impose, but was imposed irregularly or erroneously." *State v. Payne*, 114 Ohio St. 3d 502, 2007-Ohio-4642, 873 N.E.2d 306, ¶ 27, citing *State v. Filiaggi*, 86 Ohio St.3d 230, 240, 714 N.E.2d 867 (1999).

{¶ 24} In this case, Fannon does not challenge the trial court's jurisdiction to sentence him for his traffic offense. In turn, Fannon's sentence would merely be voidable if the trial court had committed any error in sentencing him. As a result, Fannon was required to raise any errors concerning his sentence in a direct appeal, which he did not do. Therefore, res judicata also bars him from collaterally raising any argument concerning his sentence in the present appeal.

{¶ 25} Nevertheless, even if this claim was not barred by res judicata, the trial court's decision ordering Fannon to pay a $200 fine and court costs does not amount to cruel and unusual punishment. "Eighth Amendment violations are rare, and instances of cruel and unusual punishment are limited to those punishments, which, under the circumstances, would be considered shocking to any reasonable person." (Citations omitted.) *State v. Harding*, 2d Dist. Montgomery No. 20801, 2006-Ohio-481, ¶ 77. This is simply not the case here, as there is no basis to find that the trial court's decision ordering Fannon to pay a $200 fine and court costs, both of which were waived, constitutes cruel and unusual punishment.

{¶ 26} For the foregoing reasons, Fannon's Second Assignment of Error is overruled.


**Conclusion**

{¶ 27} Having overruled both of Fannon's assignments of error, the judgment of the trial

court is affirmed.

. . . . . . . . . . . . .

FAIN and DONOVAN, JJ., concur.

Copies mailed to:

John D. Everett
Christian P. Fannon
Hon. Thomas M. Hanna