[Cite as *State v. Stone*, 2020-Ohio-1407.]

**IN THE COURT OF APPEALS OF OHIO
SECOND APPELLATE DISTRICT
CLARK COUNTY**

STATE OF OHIO                                          :
                                                       :
    Plaintiff-Appellee                           :        Appellate Case No. 2019-CA-54
                                                       :
v.                                                     :        Trial Court Case No. 2004-CR-185
                                                       :
JAMARR R. STONE                                        :        (Criminal Appeal from
                                                       :        Common Pleas Court)
    Defendant-Appellant                          :
                                                       :

. . . . . . . . . . .

O P I N I O N

Rendered on the 10th day of April, 2020.

. . . . . . . . . . .

JOHN M. LINTZ, Atty. Reg. No. 0097715, Assistant Prosecuting Attorney, Clark County Prosecutor's Office, Appellate Division, 50 East Columbia Street, Suite 449, Springfield, Ohio 45502
    Attorney for Plaintiff-Appellee

JAMARR R. STONE, #A475-726, P.O. Box 901, Leavittsburg, Ohio 44430
    Defendant-Appellant, Pro Se

. . . . . . . . . . . .

HALL, J.

{¶ 1} Jamarr R. Stone appeals pro se from the trial court's order denying his post-conviction motions to withdraw his guilty plea under Crim.R. 32.1 and to correct a void judgment of conviction. We affirm.

## I. Facts and Procedural History

{¶ 2} Stone was indicted in 2004 on one count of murder, under R.C. 2903.02(A), with a firearm specification, and one count of tampering with evidence, for shooting and killing a man in Springfield, Ohio. Under a plea agreement, Stone pleaded guilty to murder and the state dismissed the firearm specification and the tampering charge. The trial court sentenced Stone to 15 years to life in prison. He did not file a direct appeal of his conviction.

{¶ 3} Stone instead filed pro se a series of post-conviction motions. Later in 2004, he filed a motion to withdraw his guilty plea or, alternatively, a petition for post-conviction relief. In 2005, Stone filed a second motion to withdraw his guilty plea, as well as several other motions. In March 2006, the trial court overruled Stone's plea-withdrawal motion and denied his petition for post-conviction relief. We affirmed in *State v. Stone*, 2d Dist. Clark No. 06 CA 26, 2007-Ohio-801 (*Stone I*). In May 2011, Stone filed a second petition for post-conviction relief. The trial court denied the petition, and we affirmed the denial in *State v. Stone*, 2d Dist. Clark No. 2011 CA 96, 2012-Ohio-4755 (*Stone II*).

{¶ 4} A few years later, Stone again filed several post-conviction motions. In 2016, he filed a motion for resentencing based on a void judgment and another motion to withdraw his guilty plea. The trial court denied these motions in January 2017. In 2018, Stone again filed a motion to withdraw his guilty plea under Crim.R. 32.1 as well as a

motion to correct a void judgment of conviction. The following year, he filed several other motions. On June 18, 2019, the trial court denied the latest round of motions. As to the plea-withdrawal motion and judgment-correction motion, in particular, the court concluded that they were barred by res judicata because it had denied Stone's previous motions for resentencing based on a void judgment and to withdraw his guilty plea.

{¶ 5} Stone's appeal of these two denials is now before us.

## II. Analysis

{¶ 6} Stone presents five assignments of error. The first three challenge the trial court's decision overruling his post-sentence motion to withdraw his guilty plea. The last two challenge the decision overruling Stone's motion to correct the judgment entry of conviction.

### A. Claim of Ineffective Assistance of Counsel

{¶ 7} The first assignment of error alleges:

THE TRIAL COURT COMMITTED PREJUDICIAL ERROR WHEN IT FAILED TO VACATE APPELLANT'S PLEA WHERE A CLEAR CONFLICT OF INTEREST EXISTED AND SAID CONFLICT DIRECTLY AFFECTED HIS DECISION TO PLEAD GUILTY.

{¶ 8} In his first assignment of error, Stone argues that he should have been permitted to withdraw his guilty plea based on ineffective assistance of counsel. He says that defense counsel had previously worked for the Clark County prosecutor and that this created a conflict of interest that prejudicially affected his decision to plead guilty.

{¶ 9} Stone argues that, a few weeks before he filed his current plea-withdrawal motion, he discovered a piece of letterhead of the prosecutor's office from a 2004 letter

sent to him that listed trial counsel as an Assistant Prosecuting Attorney and was dated just months before counsel accepted Stone's case as defense counsel. In November 2018, Stone filed a grievance against defense counsel with the Ohio Supreme Court, claiming that counsel had represented him while a member of the prosecutor's staff. But the Court rejected the grievance. In a January 2019 letter, the Court stated that it had investigated Stone's claim and found that counsel had left the prosecutor's office 18 months before accepting Stone's case, and the letterhead had simply been out of date.

{¶ 10} Nevertheless, Stone alleges that defense counsel was still loyal to the prosecutor's office and "chose the interest of his best friend and leading prosecutor in the case * * * by convincing Defendant-Appellant to opt out to a guilty plea opposed to pursue trial." The only real evidence of this that Stone offers are his allegations that counsel failed to investigate the case against him by interviewing witnesses and obtaining the assistance of an investigator. But Stone made these same allegations in the affidavit in support of his prior petition for post-conviction relief, which was on appeal in *Stone I*. *See Stone I*, 2d Dist. Clark No. 06 CA 26, 2007-Ohio-801, at ¶ 7. The trial court rejected the credibility of that affidavit, and we concluded that the court did not abuse its discretion by doing so. *Id.* at ¶ 13. Res judicata prevents Stone from raising this issue again.

{¶ 11} Moreover, that defense counsel had previously worked in the prosecutor's office did not by itself show a conflict of interest, let alone ineffective assistance of counsel, and there is no basis in the record to find that defense counsel's relationship with the prosecutor's office or the prosecutor in this case improperly affected his discussions with Stone about whether to plead guilty.

{¶ 12} The first assignment of error is overruled.

## B. Post-release control error

{¶ 13} The second and third assignments of error allege:

THE TRIAL COURT ERRED AS MATTER OF LAW WHEN APPELLANT'S "PLEA AGREEMENT" WAS BASED ON A MUTUAL MISTAKE OF THE LAW.

THE TRIAL COURT COMMITTED REVERSIBLE ERROR WHEN IT PARTICIPATED IN PLEA NEGOTIATIONS CONTRARY TO OHIO [CRIM.R.] 11(C) AND IN VIOLATION OF THE FIFTH AND FOURTEENTH DUE PROCESS AMENDMENTS OF THE U.S. CONSTITUTION AND ARTICLE I, SECTION 10 OF THE OHIO CONSTITUTION.

{¶ 14} Stone was not subject to post-release control, because murder "is an unclassified felony to which the post-release-control statute does not apply." *State v. Clark*, 119 Ohio St.3d 239, 2008-Ohio-3748, 893 N.E.2d 462, ¶ 36, citing R.C. 2967.28. In the second and third assignments of error, Stone argues that he was incorrectly informed that he would be subject to post-release control, so he should be permitted to withdraw his guilty plea.

{¶ 15} Stone argues that the plea agreement stated that murder was a first-degree felony and that first-degree felonies were subject to five years of post-release control. Whether the plea agreement stated that Stone was pleading to a first-degree felony is not clear. The agreement lists murder as the offense. Under "LEVEL" is handwritten "F," followed by what could be a superscripted "1" or just a stray pen mark; it's hard to tell.

{¶ 16} Regardless, "[r]es judicata generally bars a defendant from raising claims in a Crim.R. 32.1 postsentencing motion to withdraw a guilty plea that he raised or could

have raised on direct appeal." *State v. Straley*, Ohio Slip Opinion No. 2019-Ohio-5206, __ N.E.3d __, ¶ 23, citing *State v. Ketterer*, 126 Ohio St.3d 448, 2010-Ohio-3831, 935 N.E.2d 9, ¶ 59. We have also held that "if a Crim.R. 32.1 motion asserts grounds for relief that were or should have been asserted in a previous Crim.R. 32.1 motion, res judicata applies and the second Crim.R. 32.1 motion will be denied." *State v. Fannon*, 2d Dist. Montgomery No. 25957, 2014-Ohio-2673, ¶ 11.

{¶ 17} Stone did not directly appeal his conviction, and in none of his previous plea withdrawal motions did he argue that incorrect information about post-release control prevented him from making a knowing, intelligent, and voluntary guilty plea. Stone could have challenged his guilty plea on direct appeal or asserted the grounds for relief that he does here in a previous plea-withdrawal motion. Because he did not, the trial court did not abuse its discretion in concluding that res judicata barred Stone's motion to withdraw his guilty plea.

{¶ 18} We do, though, need to address the judgment entry of conviction, because it stated that post-release control was imposed, even though it was not.

> IT IS THER[E]FORE ORDERED that the defendant serve a prison
> term of fifteen (15) years, ACTUAL to LIFE * * *.

> The Court has further notified the defendant that post release control
> is mandatory in this case up to a maximum of five years * * *. The defendant
> is ordered to serve as part of this sentence any term of post release control
> impose by the Parole Board * * *.

Of course, the judgment entry itself could not have influenced Stone's decision to plead guilty. He pled before the entry was filed, and nothing in the record shows that the trial

court ever notified Stone that he would have to serve a term of post-release control. Indeed, the court never talked about post-release control at the plea or sentencing hearings. Before accepting Stone's guilty plea, the trial court told Stone that the only penalty he faced was prison, and it mentioned post-release control only by mistake:

> THE COURT: Did you understand everything in the document [plea form]?
>
> DEFENDANT: Yes, sir.
>
> THE COURT: The possible—in fact the only penalty for the murder charge is a prison term of at least 15 years to life.
>
> Do you understand that, sir?
>
> DEFENDANT: (Nods head.) Yes.
>
> * * *
>
> THE COURT: Prison is mandatory.
>
> Do you understand that?
>
> DEFENDANT: Yes, sir.
>
> THE COURT: You would not be eligible for post release control—or excuse me, for judicial release.
>
> Do you understand that?
>
> DEFENDANT: Yes, sir.

(Plea Tr. 7-8). At sentencing, the court said nothing about post-release control and imposed only a prison term: "There is only one sentence called for by the statute. It is therefore the order of the Court that the Defendant be sentenced to a term of incarceration to the Department of Rehabilitation and Correction to a minimum of 15 actual years to life

in prison." (Sentencing Tr. at 17-18).

{¶ 19} Because Stone is not subject to post-release control, we will vacate that portion of the judgment entry of conviction erroneously imposing the term of post-release control. *Compare State v. Eggers*, 2d Dist. Clark No. 2011-CA-48, 2013-Ohio-3174, ¶ 30 (vacating that portion of the defendant's sentence erroneously imposing a term of post-release control).

{¶ 20} The second and third assignments of error are overruled.

### C. The prison term

{¶ 21} The fourth assignment of error alleges:

THE TRIAL COURT ERRED AS A MATTER OF LAW IN IMPOSING A SENTENCE CONTRARY TO OHIO REVISED CODE SENTENCING MANDATES AND FAIL[ING] TO CORRECT SUCH SENTENCE WHEN GIVEN THE OPPORTUNITY.

{¶ 22} Stone argues that his judgment of conviction is void because at the sentencing hearing the trial court sentenced him to "15 years ACTUAL to LIFE,"[1] when former R.C. 2929.02(B) stated that the penalty for murder was "an indefinite [prison] term of *fifteen years to life*." (Emphasis added.). We see no error.

{¶ 23} Stone relies on our decision in *State v. Duncan*, 2d Dist. Clark No. 2016-CA-77, 2017-Ohio-8103, to support his argument. In that case, the defendant argued that the judgment entry of conviction for murder was void because the court imposed a prison term of "LIFE with the possibility of parole after fifteen (15) years." We agreed,

---

[1] The judgment entry stated that Stone must "serve a prison term of fifteen (15) years, ACTUAL to LIFE."

concluding that the court had "converted an indefinite sentence required by statute into a *de facto* definite sentence." *Id.* at ¶ 14.

**{¶ 24}** But that is not what the trial court here did. The sentence that the court imposed on Stone was the indefinite sentence required by statute. "A 'definite' sentence is just what its name implies: a specific number of years of imprisonment rather than a range defined by minimum and maximum terms. Referring to a minimum or maximum term of imprisonment makes sense only when speaking of an indefinite sentence." (Citation omitted.) *Yonkings v. Wilkinson,* 86 Ohio St.3d 225, 227, 714 N.E.2d 394 (1999); *see also Duncan* at ¶ 14 (quoting the same). The court here stated a range, giving a minimum ("15 years") and a maximum ("life") term. The addition of the word "ACTUAL" did not change the statutory 15-year to life term and merely reinforced the fact that Stone was required to serve at least the minimum term.

**{¶ 25}** The fourth assignment of error is overruled.

### D. Apparent clerical error in the judgment entry of conviction

**{¶ 26}** The fifth assignment of error alleges:

> THE TRIAL COURT ERRED AS A MATTER OF LAW WHEN IT FAILED TO ISSUE A FINAL APPEALABLE ORDER ON APPELLANT'S 2004 JUDGMENT ENTRY OF CONVICTION AS WELL AS CORRECT A CLERICAL ERROR IN THE SAME.

**{¶ 27}** Stone argues that the judgment entry of conviction did not comply with Crim.R. 32(C) and therefore was not a final order, because the judgment did not state the manner of conviction. He cites in support the Ohio Supreme Court's decision in *State v. Baker,* 119 Ohio St.3d 197, 2008-Ohio-3330, 893 N.E.2d 163. *Baker,* and arguably the

version of Crim.R. 32(C) in effect at the time, did require a judgment of conviction to specify the specific manner of conviction, e.g., plea, verdict, or findings on which the conviction was based. But the Supreme Court modified *Baker* in *State v. Lester*, 130 Ohio St.3d 303, 2011-Ohio-5204, 958 N.E.2d 142, and held that "[a] judgment of conviction is a final order subject to appeal under R.C. 2505.02 when it sets forth (1) the fact of the conviction, (2) the sentence, (3) the judge's signature, and (4) the time stamp indicating the entry upon the journal by the clerk." *Lester* at paragraph one of the syllabus. And in 2013, Crim.R. 32(C) was amended to conform with *Lester*'s holding. The judgment of conviction stated that Stone was convicted, so it was not defective.

{¶ 28} Stone also argues that the judgment was defective because it stated that "the defendant has been convicted of Murder, a violation of Revised Code Section 2903.02, *subject to division (B) of Section 2929.13* of the Ohio Revised Code as set forth in Count I of the amended Indictment." (Emphasis added.). R.C. 2929.13(B) concerned fourth- and fifth-degree felonies, and the state concedes that this statement was incorrect.

{¶ 29} The trial court did not specifically address this issue in its decision. We can find no amended indictment in the record, and the original indictment referred only to a "violation of Section 2903.02 (A) of the Ohio Revised Code." The state suggests that the trial court intended to say, "subject to division (B) of 2929.14," which generally required a court to impose the shortest prison term authorized for an offense. Stone seems to think that the court meant to say, "subject to division (A) of 2903.02." Neither suggestion makes sense, though.

{¶ 30} The murder statute that Stone was convicted of violating states that "[w]hoever violates this section is guilty of murder, and shall be punished as provided in

section 2929.02 of the Revised Code." Former R.C. 2903.02(D). Former R.C. 2929.02(B) pertinently stated that "[w]hoever is convicted of or pleads guilty to murder in violation of section 2903.02 of the Revised Code shall be imprisoned for an indefinite term of fifteen years to life." So we think it most likely that the trial court intended to say in the judgment entry, "subject to division (B) of 2929.02."

{¶ 31} Stone has not identified any prejudice from this apparent mistake in the judgment entry. Indeed, he calls it a clerical error. Because this apparent clerical error is entirely inconsequential, we see no compelling reason to require the trial court to correct it.

{¶ 32} The fifth assignment of error is overruled.

### III. Conclusion

{¶ 33} We have overruled all of the assignments of error presented. The portion of the judgment entry of conviction imposing a term of post-release control for Stone's murder conviction is vacated. The trial court's judgment is affirmed as modified.

. . . . . . . . . . . . .

FROELICH, J. and WELBAUM, J., concur.

Copies sent to:

John M. Lintz
Jamarr R. Stone
Hon. Richard J. O'Neill