[Cite as *State v. Stone*, 2022-Ohio-1117.]

**IN THE COURT OF APPEALS OF OHIO**
**SECOND APPELLATE DISTRICT**
**CLARK COUNTY**

| | | |
|---|---|---|
| STATE OF OHIO | : | |
| | : | |
| Plaintiff-Appellee | : | Appellate Case No. 2021-CA-45 |
| | : | |
| v. | : | Trial Court Case No. 2004-CR-185 |
| | : | |
| JAMARR STONE | : | (Criminal Appeal from |
| | : | Common Pleas Court) |
| Defendant-Appellant | : | |
| | : | |

. . . . . . . . . . .

O P I N I O N

Rendered on the 1st day of April, 2022.

. . . . . . . . . . .

IAN A. RICHARDSON, Atty. Reg. No. 0100124, Assistant Prosecuting Attorney, Clark County Prosecutor's Office, Appellate Division, 50 East Columbia Street, Suite 449, Springfield, Ohio 45502
    Attorney for Plaintiff-Appellee

JAMARR STONE, #A475-726, P.O. Box 69, London, Ohio 43140
    Defendant-Appellant, Pro Se

. . . . . . . . . . . .

LEWIS, J.

**{¶ 1}** Defendant-Appellant, Jamarr Stone, appeals pro se from a judgment of the Clark County Court of Common Pleas denying his successive post-sentence motion to withdraw his guilty plea. For the reasons that follow, we affirm the judgment of the trial court.

## I.    Facts and Procedural History

**{¶ 2}** Stone was indicted on March 15, 2004, on one count of murder, with a firearm specification, and one count of tampering with evidence for shooting and killing William Evans in Springfield, Ohio. Pursuant to a plea agreement, Stone pleaded guilty to murder in violation of R.C. 2903.02(A), and the State dismissed the firearm specification and the tampering count. On June 22, 2004, the trial court sentenced Stone to 15 years to life in prison. He did not file a direct appeal.

**{¶ 3}** Since then, Stone has filed numerous post-conviction motions. In November 2004, Stone filed a motion to withdraw his guilty plea or, alternatively, a petition for post-conviction relief. In 2005, Stone filed a second motion to withdraw his guilty plea, along with several other motions and supplements to his motions. In March 2006, the trial court overruled Stone's plea-withdrawal motion and denied his petition for post-conviction relief. We affirmed the trial court's judgment in *State v. Stone*, 2d Dist. Clark No. 2006-CA-26, 2007-Ohio-801 (*Stone I*).

**{¶ 4}** On May 3, 2011, Stone filed a second petition for post-conviction relief. The trial court denied the petition, and we affirmed the denial in *State v. Stone*, 2d Dist. Clark No. 2011-CA-96, 2012-Ohio-4755 (*Stone II*).

**{¶ 5}** In 2016, Stone filed a motion for resentencing based on a void judgment as

well as another motion to withdraw his guilty plea. The trial court denied each of his motions in January 2017. Stone did not appeal.

{¶ 6} At the end of 2018, Stone again filed a motion to withdraw his guilty plea as well as a motion to correct a void judgment of conviction. He filed several other motions the following year. On June 18, 2019, the trial court denied all of Stone's pending motions. Stone appealed. *State v. Stone*, 2d Dist. Clark No. 2019-CA-54, 2020-Ohio-1407 (*Stone III*).

{¶ 7} One of Stone's arguments in *Stone III* was that the trial court erred in not permitting him to withdraw his guilty plea because he was incorrectly informed that he would be subject to post-release control when, in fact, he was not subject to post-release control. In affirming the trial court's denial of his motion to withdraw his guilty plea, we explained that the trial court did not abuse its discretion in concluding that res judicata barred Stone's motion. His motion was not only successive, but he could have challenged his guilty plea on direct appeal or in a previous plea-withdrawal motion. *Id.* at ¶ 16-17. However, we did vacate the portion of the judgment entry of conviction that erroneously imposed a term of post-release control. *Id.* at ¶ 19. In reviewing the plea and sentencing hearings, we found that the trial court never notified Stone about post-release control and that it had not been it required to do so, considering that Stone was convicted of murder, an unclassified felony.

{¶ 8} On April 29, 2021, Stone filed another motion to withdraw his guilty plea. Stone contended that because this Court removed the term of post-release control from the termination entry in *Stone III*, which he had bargained for as part of his plea, then the

plea must be vacated. On May 21, 2021, he included a supplement to his motion in which he explained that the proper remedy would be to either allow him to withdraw his plea and remand the case for further proceedings, or rescind the plea agreement and allow him to enter a new plea. He offered to enter a plea of guilty to one count of voluntary manslaughter with a firearm specification, and one count of tampering with evidence, and receive five years mandatory post-release control. He also included a letter to the trial court offering a plea on his proposed terms. Additionally, he attached what appear to be documents he submitted to his attorney and the Governor of Ohio regarding his voluntary conditions of release should he be granted clemency and documents concerning his offer to be a living organ donor for his brother.[1] The trial court permitted Stone to supplement his motion and ordered the State to respond.

{¶ 9} On June 17, 2021, the State filed a response in opposition to Stone's motions stating that post-release control was never a part of the plea agreement and that Stone's arguments were precluded by res judicata. On June 25, 2021, the trial court overruled Stone's motion finding that it presented no new grounds that could be considered for withdrawal of his guilty plea and was again barred by res judicata.

{¶ 10} On July 19, 2021, Stone filed a notice of appeal from the trial court's decision overruling his motion to withdraw his guilty plea.

## II. Preservation of the docket

{¶ 11} The first assignment of error alleges:

---

[1] In Stone's appellate brief, he alleges that his supplemental motion filed on May 21, 2021 included a copy of his "Memorandum In Support of Counsel Supplementing the Application for Executive Clemency." However, this was not included in the filing and was not before the trial court.

THE TRIAL COURT[']S FAILURE TO PRESERVE THE RECORD DEPRIVED APPELLANT [OF] HIS CONSTITUTIONAL RIGHT TO EFFECTIVELY CHALLENGE HIS CONVICTION AND CREATED A MANIFEST INJUSTICE IN THE CASE.

{¶ 12} Stone's first assignment of error alleges that a fraud has been committed upon the court as evidenced by the deletion of several docket entries from the electronic appearance docket sheet. He then concludes, "the only fair resolve [sic] would be to permit him to withdraw his plea of guilt [sic] and begin a new record in the case[.]" Stone's arguments concerning the alleged missing records were not before the trial court when it denied Stone's motion to withdraw his guilty plea. Neither were the majority of the documents Stone attached to his appellate brief. We note that Stone's brief included an exhibit titled "DEFENDANT'S JUNE 7, 2021, MOTION TO SUPPLEMENT HIS 32.1 MOTION TO WITHDRAW GUILTY PLEA," which appears to argue this issue now raised on appeal. However, it was not filed at the time the trial court considered Stone's motion. Therefore, it will not be considered by this Court.

{¶ 13} "A first principle of appellate jurisdiction is that a party ordinarily may not present an argument on appeal that it failed to raise below." *State v. Wintermeyer*, 158 Ohio St.3d 513, 2019-Ohio-5156, 145 N.E.3d 278, ¶ 10, citing *Goldfuss v. Davidson*, 79 Ohio St.3d 116, 121, 679 N.E.2d 1099 (1997). Likewise, '[a] reviewing court cannot add matter to the record before it, which was not a part of the trial court's proceedings, and then decide the appeal on the basis of the new matter." *State v. Ishmail*, 54 Ohio St.2d 402, 377 N.E.2d 500 (1978), paragraph one of the syllabus. " 'An exhibit merely appended

to an appellate brief is not part of the record and we may not consider it in determining the appeal.' " *Williams v. Pioneer Credit Recovery, Inc.*, 2d Dist. Montgomery No. 28524, 2020-Ohio-397, ¶ 16, quoting *State v. Grant*, 10th Dist. Franklin No. 12AP-650, 2013-Ohio-2981, ¶ 12.

{¶ 14} Stone did not raise this issue in the trial court below, and we cannot consider new exhibits attached to Stone's appellate brief. Accordingly, Stone's first assignment of error is overruled.

### III. Motion to withdraw guilty plea

{¶ 15} Stone's second assignment of error states:

THE TRIAL COURT ERRED WHEN IT FAILED TO RESCIND THE UNFULFILLABLE CONTRACT (PLEA AGREEMENT) AFTER APPELLANT DEMONSTRATED THAT THE TRIAL COURT FAILED TO PRESERVE THE RECORD AND THAT THE RECORD WAS TAINTED WITH THE FRUIT OF FRAUD.

{¶ 16} In his second assignment of error, Stone contends that the trial court erred in overruling his motion to withdraw his guilty plea, because there was a breached plea agreement which demonstrated a manifest injustice. Stone argues that he and the prosecution had jointly agreed to impose post-release control as part of his sentence for murder. He explains that both his written plea agreement and the termination entry indicated that he would be subject to a term of five years post-release control, not parole, which is required for a murder conviction. Stone claims that because he bargained for post-release control as part of his sentence, had he known that he would not be given

post-release control but rather parole, he would not have pleaded guilty. Further, according to Stone, because this Court removed the post-release control notifications from his termination entry, the plea agreement can no longer be enforceable. Stone contends that because his plea bargain has been broken, his plea was not knowingly and voluntarily entered and should be withdrawn. The trial court found that Stone's motion was precluded by res judicata. We agree with the trial court.

**{¶ 17}** "An appellate court reviews a trial court's decision on a motion to withdraw a plea under an abuse-of-discretion standard." *State v. Straley*, 159 Ohio St. 3d 82, 2019-Ohio-5206, 147 N.E.3d 623, ¶ 15, citing *State v. Smith*, 49 Ohio St.2d 261, 361 N.E.2d 1324 (1977), paragraph two of the syllabus. A court abuses its discretion when it "exercise[s] its judgment, in an unwarranted way, in regard to a matter over which it has discretionary authority." *Johnson v. Abdullah*, Ohio Slip Opinion No. 2021-Ohio-3304, ___ N.E.3d ___, ¶ 35.

**{¶ 18}** "The doctrine of res judicata bars a criminal defendant from raising and litigating in any proceedings any defense or claimed lack of due process that was raised or could have been raised on direct appeal from the conviction." (Citations omitted.) *State v. Young*, 2d Dist. Montgomery No. 20813, 2005-Ohio-5584, ¶ 8. "Res judicata generally bars a defendant from raising claims in a Crim.R. 32.1 postsentencing motion to withdraw a guilty plea that he raised or could have raised on direct appeal." *Straley* at ¶ 23, citing *State v. Ketterer*, 126 Ohio St.3d 448, 2010-Ohio-3831, 935 N.E.2d 9, ¶ 59.

**{¶ 19}** As we noted in his last appeal, "Stone did not directly appeal his conviction, and in none of his previous plea withdrawal motions did he argue that incorrect

information about post-release control prevented him from making a knowing, intelligent, and voluntary guilty plea. Stone could have challenged his guilty plea on direct appeal or asserted the grounds for relief that he does here in a previous plea-withdrawal motion. Because he did not, the trial court did not abuse its discretion in concluding that res judicata barred Stone's motion to withdraw his guilty plea." *Stone III,* 2d Dist. Clark No. 2019-CA-54, 2020-Ohio-1407, at ¶ 17. The only difference here is that Stone has raised essentially the same argument before and it was rejected.

**{¶ 20}** In addition, this is not Stone's first post-sentence motion to withdraw his guilty plea. He has filed several prior post-conviction motions attempting to withdraw his plea, all of which have been denied. " 'The doctrine of res judicata applies to the second and all successive post[-]sentence motions to withdraw a plea under Crim.R. 32.1[.]' " *State v. Fannon*, 2d Dist. Montgomery No. 25957, 2014-Ohio-2673, ¶ 11, quoting *State v. Burnside*, 7th Dist. Mahoning No. 09 MA 179, 2010-Ohio-3158, ¶ 5. For the foregoing reasons, we conclude that the trial court did not abuse its discretion in denying Stone's successive post-sentence motion to withdraw his guilty plea.

**{¶ 21}** Stone's second assignment of error is overruled.

### IV.  Evidentiary hearing and premature judgment

**{¶ 22}** Stone's third assignment of error is as follows:

THE TRIAL COURT DENIED APPELLANT HIS FOURTEENTH AMENDMENT DUE PROCESS RIGHT TO BE HEARD WHEN IT RENDERED A PREMATURE JUDGMENT IN THE CASE AND FAILED TO HOLD AN EVIDENTIARY HEARING.

{¶ 23} In his third assignment of error, Stone contends that the trial court erred in overruling his motion to withdraw his guilty plea without first holding a hearing and that the trial court decided the motion without allowing him an opportunity to reply to the State's response.

{¶ 24} "The trial court is not required to hold an evidentiary hearing on every post-sentence motion to withdraw a plea." *State v. Hall*, 2d Dist. Greene No. 2011-CA-32, 2012-Ohio-2539, ¶ 12. "A hearing is required only if the facts alleged by the defendant, if accepted as true, would require the plea be withdrawn." *State v. McComb,* 2d Dist. Montgomery Nos. 22570, 22571, 2009-Ohio-295, ¶ 19. "A trial court's decision not to hold an evidentiary hearing will not be reversed absent an abuse of discretion." *State v. Williams*, 10th Dist. Franklin No. 03AP-1214, 2004-Ohio-6123, ¶ 6.

{¶ 25} Based on Stone's argument, the trial court could have determined, without a hearing, whether the record necessitated the withdrawal of Stone's pleas. Here, the transcript of the plea hearing is at odds with Stone's belated assertion that the parties bargained for him to receive post-release control rather than parole. When discussing the terms of the plea agreement, neither the State nor the defense stated that they bargained for Stone to be placed on post-release control rather than parole. The trial court never informed Stone that he would be subject to post-release control either during the plea colloquy or during sentencing. Nor did the trial court inform Stone of the consequence of violating post-release control. Nothing Stone submitted in either his motion or the supplement to his motion, besides his self-serving allegations, supported his contention that his plea agreement had included a promise that he would receive post-release control

rather than parole.

**{¶ 26}** Further, having found that Stone's successive post-conviction motion to withdraw a guilty plea was precluded by res judicata, we find no abuse of discretion in the trial court's denial of Stone's motion without a hearing. We also note that Stone did not requested a hearing in either his initial motion to withdraw his guilty plea or his supplemental motion.

**{¶ 27}** Stone also contends that the trial court erred by prematurely denying his motion to withdraw his guilty plea. Loc.R. 2.05(II)(B)(2) of the Clark County Court of Common Pleas, General Division, provides that where a party files a motion, all parties opposing said motion shall file and serve a memorandum in opposition to the motion "within fourteen (14) days from the time notice of the motion was served, pursuant to Ohio Civ. R. 6(E)." The local rules further provide under Loc.R. 2.05(II)(C) that the moving party may file a reply memorandum "within ten (10) days from the time notice of the opposing party's memorandum in opposition to the motion was served." The State filed its memorandum in opposition to Stone's motion on June 17, 2021. Stone asserts that pursuant to Loc.R. 2.05(II)(C), he had until June 27, 2021 to file his reply, but the trial court prematurely denied his motion on June 25, 2021. We agree with Stone that the trial court erred in denying his motion prior to the deadline for Stone's reply. However, that does not end our analysis.

**{¶ 28}** An appellate court may disregard an error that occurred in criminal proceedings if the State demonstrates that the error was harmless. Crim.R. 52(A); *State v. Perry*, 101 Ohio St.3d 118, 2004-Ohio-297, 802 N.E.2d 643, ¶ 15. Crim.R. 52(A)

defines harmless error in the context of criminal cases as: "Any error, defect, irregularity, or variance which does not affect substantial rights shall be disregarded." "Accordingly, Crim.R. 52(A) asks whether the rights affected are 'substantial' and, if so, whether a defendant has suffered any prejudice as a result." *State v. Harris*, 142 Ohio St.3d 211, 2015-Ohio-166, 28 N.E.3d 1256, ¶ 36, quoting *State v. Morris*, 141 Ohio St.3d 399, 2014-Ohio-5052, 24 N.E.3d 1153, ¶ 24-25. Consequently, we must determine whether the error affected the outcome of the trial court proceedings. *State v. Fisher*, 99 Ohio St.3d 127, 2003-Ohio-2761, 789 N.E.2d 222, ¶ 7.

**{¶ 29}** Because Stone's motion was barred by res judicata, we find that the outcome of the motion would not have changed even if the trial court had waited the correct amount of time before denying Stone's motion. In accordance with the Clark County local rules, a "reply memorandum shall be restricted to matters in rebuttal of the memorandum in opposition." Loc.R. 2.05(II)(C). Since Stone was restricted to addressing only those matters addressed in the State's response, and Stone's arguments were precluded by res judicata, nothing he could have added in a reply would have affected the trial court's decision to overrule his motion without a hearing. Therefore, the trial court's procedural error was harmless.

**{¶ 30}** Stone's third assignment of error is overruled.

## V. Conclusion

**{¶ 31}** All of Stone's assignments of error having been overruled, the trial court's judgment is affirmed.

. . . . . . . . . . . .

TUCKER, P. J. and DONOVAN, J., concur.


Copies sent to:

Ian A. Richardson
Jamarr Stone
Hon. Richard J. O'Neill