[Cite as *State v. Grimes*, 2017-Ohio-25.]

**IN THE COURT OF APPEALS OF OHIO
SECOND APPELLATE DISTRICT
MONTGOMERY COUNTY**

| | | |
|---|---|---|
| STATE OF OHIO | : | |
| | : | Appellate Case No. 26636 |
| Plaintiff-Appellee | : | |
| | : | Trial Court Case No. 04-CR-237/1 |
| v. | : | |
| | : | (Criminal Appeal from |
| MATTHEW GRIMES | : | Common Pleas Court) |
| | : | |
| Defendant-Appellant | : | |
| | : | |

. . . . . . . . . .

O P I N I O N

Rendered on the 6th day of January, 2017.

. . . . . . . . . .

MATHIAS H. HECK, JR., by HEATHER N. JANS, Atty. Reg. No. 0084470, Montgomery County Prosecutor's Office, Appellate Division, Montgomery County Courts Building, P.O. Box 972, 301 West Third Street, Dayton, Ohio 45402
      Attorney for Plaintiff-Appellee

BROCK A. SCHOENLEIN, Atty. Reg. No. 0084707, 371 West First Street, Dayton, Ohio 45402
      Attorney for Defendant-Appellant

. . . . . . . . . . . . .

HALL, J.

{¶ 1} Matthew Grimes appeals from the trial court's February 27, 2015, decision, order, and entry overruling his "Motion to overturn the conviction and set aside the

sentence, and to provide court records."

**{¶ 2}** Grimes filed his pro se motion in August 2014, seeking to overturn his 2004 conviction and sentence following a guilty plea to numerous felony charges and specifications that resulted in an aggregate 50-year prison sentence. The charges stemmed from a crime spree that included Grimes shooting and wounding two police officers. In his motion, he argued that his plea was invalid, that his speedy-trial rights were violated, that he was tortured while in custody, that he received ineffective assistance of counsel, and that the prosecutor engaged in misconduct. Grimes provided no affidavit, transcripts, or any other evidentiary support along with his motion.

**{¶ 3}** In its ruling, the trial court found Grimes' motion untimely to the extent that it was an R.C. 2953.21 post-conviction relief petition. To the extent that the motion was a Crim.R. 32.1 plea-withdrawal motion, the trial court found no "manifest injustice" based on Grimes' allegations. Specifically, the trial court found no speedy-trial violation, no evidence to support the torture claim, no evidence of coercion with regard to the guilty plea, no evidence of prosecutorial misconduct, and no evidence of ineffective assistance of counsel. Finally, insofar as Grimes' motion included a public-records request, the trial court concluded that he had not established the necessity of the records to support a justiciable claim as required by R.C. 149.43.

**{¶ 4}** Following the trial court's ruling, Grimes filed a pro se notice of appeal. He also filed in this court a "motion to request documents." He sought an order requiring the trial court "to turn over all documents, transcripts and evidence" related to his case. We overruled the motion, finding the document request to be a "merits issue" because the trial court had denied the same request below. Thereafter, the trial court appointed

counsel to assist Grimes with his appeal. Counsel proceeded to file a February 5, 2016 motion in this court, seeking to withdraw from further representation. Counsel explained that he could not obtain any relevant records, discovery, or transcripts to support the claims in Grimes' unsuccessful motion. According to counsel, Grimes' trial attorney permissibly long-since had discarded the discovery packet, a public-records request had been denied, and the transcriptionist for the 2004 proceedings no longer possessed complete notes and equipment to transcribe the plea and sentencing hearings. On February 23, 2016, we overruled counsel's motion to withdraw. Counsel subsequently obtained a transcript of the plea and sentencing hearing, and we ordered the record to be supplemented with it. Briefing then proceeded in accordance with the appellate rules.

{¶ 5} Grimes now advances three assignments of error on appeal. First, he contends the plea-hearing transcript reveals that his guilty plea was not entered knowingly and intelligently. Second, he claims his statutory speedy-trial rights were violated and that his attorney provided ineffective assistance by failing to raise the issue prior to his plea. Third, he asserts that App.R. 9 may require the vacation of his plea and sentence based on deficiencies in the uncertified plea and sentencing hearing transcripts.

{¶ 6} Upon review, we see no error in the trial court's ruling and no merit in Grimes' arguments. As a threshold matter, we agree with the trial court that Grimes' motion was untimely insofar as it requested post-conviction relief under R.C. 2953.21. The trial court's termination entry in Grimes' case was filed on November 1, 2004. His right to appeal expired one month later on December 1, 2004. His statutory right to seek post-conviction relief expired 180 days after that. *See* former R.C. 2953.21(A)(2).[1] He did not file the

---

[1] After the trial court's ruling on Grimes' motion, R.C. 2953.21(A)(2) was revised. It now

motion at issue, however, until more than nine years later. The trial court also correctly noted that Grimes had not made the showing required to file a petition beyond the 180-day time limit. Among other things, he was required to show that he had been unavoidably prevented from discovering the facts upon which his petition relied. *See* R.C. 2953.23(A)(1). He made no such showing. Therefore, the trial court did not err in denying statutory post-conviction relief.

{¶ 7} With respect to Grimes' specific assignments of error, he first argues that his "plea could not have been entered knowingly and intelligently as required by law." He raises several arguments in support. He contends the trial court erred in denying his motion without the benefit of a transcript. He also suggests the transcript he has provided on appeal may be inaccurate, calling into question the viability of his plea. Finally, he asserts that his responses to the trial court's questions at the plea hearing are indicative of a plea that was not entered knowingly and intelligently.

{¶ 8} We find no merit in Grimes' arguments. Any issues related to the knowing, intelligent, and voluntary nature of his guilty plea could have been raised in a direct appeal. Therefore, res judicata precludes him from raising those issues now.[2] *State v.*

---

provides 365 days after expiration of the time for filing an appeal to seek post-conviction relief.

[2] Although our res judicata finding is dispositive, we note too that the trial court did not review a plea transcript because Grimes did not file one. His concern that the current transcript may be inaccurate also does not justify a finding that his plea was not knowing, intelligent, and voluntary. The problems Grimes cites stem from the fact that a certifiable transcript could not be produced given the state of the original transcriptionist's 2004 notes due to the passage of time. But the State is not responsible for the consequences of Grimes' decision to wait so many years before challenging his plea. Finally, we have reviewed the existing transcript and are unpersuaded that his complaints undermine the validity of his plea. He complains about the trial court not inquiring enough about his satisfaction with his attorney's performance. He also notes that he once responded "I

*Havens*, 2d Dist. Champaign No. 10CA0027, 2011-Ohio-5019, ¶ 9 ("Defendant's claim that his guilty pleas were not entered knowingly, intelligently and voluntarily clearly could have been raised on direct appeal, but was not. Accordingly, that claim is now barred by res judicata."); *State v. Kemp*, 2d Dist. Clark No. 2014CA32, 2014-Ohio-4607, ¶ 12, 17 (concluding that res judicata barred the defendant from challenging the knowing, intelligent, and voluntary nature of his guilty plea in a post-sentence plea-withdrawal motion). Accordingly, his first assignment of error is overruled.

{¶ 9} In his second assignment of error, Grimes asserts that his statutory speedy-trial rights were violated and that his trial counsel provided ineffective assistance by failing to raise the issue prior to his guilty plea. As a result, he contends the trial court erred in refusing to allow him to vacate his plea.

{¶ 10} Once again, we find Grimes' argument to be without merit. This court has recognized that " '[i]neffective assistance of counsel can constitute manifest injustice sufficient to allow the post-sentence withdrawal of a guilty plea.' " *State v. Banks*, 2d Dist. Montgomery No. 25188, 2013-Ohio-2116, ¶ 9, quoting *State v. Dalton*, 153 Ohio App.3d 286, 2003-Ohio-3813, 793 N.E.2d 509, ¶ 18 (10th Dist.). We also have recognized, however, that "a plea of guilty waives the right to claim that the accused was prejudiced by constitutionally ineffective assistance of counsel, except to the extent the defects

---

understand" to a question that more properly called for a "yes" or "no" answer. He then notes his incorrect response about being on probation or parole while acknowledging that the transcript appears to be incorrect in that regard and, in any event, that the trial court was well aware of his status. He also notes that he once was not paying attention and that the trial court told him to "look over here." Finally, he points out that he twice nodded his head up and down rather than providing an oral response. In our view, none of these alleged defects were sufficient to undermine the knowing, intelligent, and voluntary nature of Grimes' plea.

complained of caused the plea to be less than knowing and voluntary." *State v. Bateman*, 2d Dist. Clark No. 2012CA29, 2013-Ohio-4235, ¶ 7. In *Bateman*, we concluded that the defendant's guilty plea waived his claim of ineffective assistance of counsel based on counsel's failure to seek dismissal on statutory speedy-trial grounds. *Id.* at ¶ 8-9. This was so because counsel's failure to seek dismissal did not impair the knowing and intelligent waiver of the defendant's rights when he entered his plea. *Id.*

{¶ 11} Grimes' speedy-trial argument also is precluded by res judicata. Although ineffective assistance of counsel can constitute a manifest injustice, the particular ineffective assistance Grimes alleges—counsel's failure to seek dismissal on speedy-trial grounds—could have been raised on direct appeal. Therefore, res judicata bars him from raising the issue in a post-conviction motion to withdraw his plea. *State v. Owens*, 4th Dist. Scioto No. 14CA3641, 2015-Ohio-1509, ¶ 15, citing *State v. Lofton*, 4th Dist. Pickaway No. 12CA21, 2013-Ohio-1121, ¶ 8 ("We further point out that the ineffective assistance from trial counsel issue and the speedy trial rights issue are matters that could have been raised in a first appeal of right. However, they were not raised and appellant is barred from raising them here by the doctrine of res judicata."); *State v. Ketterer*, 126 Ohio St.3d 448, 2010-Ohio-3831, 935 N.E.2d 9, ¶ 59 ("Ohio courts of appeals have applied res judicata to bar the assertion of claims in a motion to withdraw a guilty plea that were or could have been raised at trial or on appeal.").

{¶ 12} Finally, this court has recognized that no "manifest injustice" exists, as required for relief under Crim.R. 32.1, when the argument upon which the defendant's plea-withdrawal motion relies could have been raised on direct appeal. *State v. McCommons*, 2d Dist. Montgomery No. 26372, 2015-Ohio-1583, ¶ 9-10; *see also State*

*v. Kendrick*, 2d Dist. Montgomery No. 25100, 2012-Ohio-5795, ¶ 17 ("Claims that could have been addressed on direct appeal or in a post-conviction relief motion in support of post-sentence motion to withdraw are insufficient to demonstrate the manifest injustice required by Crim. R. 32.1 in order to vacate a plea.").[3] Grimes' speedy trial argument fails for this reason as well. Accordingly, his second assignment of error is overruled.

{¶ 13} In his third assignment of error, Grimes contends "Appellate Rule 9 may require that [his] pleas and sentence be vacated." In support, he cites two places in the plea and sentencing hearing transcripts where the notation "(indecipherable)" appears. He also notes that trial counsel's 2004 discovery packet is now unavailable as it was only required to be retained for five years. In addition, he points out that he made a public records request, which was denied. He also complains about the absence of any evidentiary support for his assertion that he was tortured while in custody. He reasons that any or all of these issues "may invoke Ohio Appellate Rule 9."

{¶ 14} Upon review, we see nothing in the record or in App.R. 9 that requires Grimes' plea and sentence to be vacated. Among other things, App.R. 9 provides a procedure for filing a statement of the evidence in lieu of a transcript or an agreed statement of the record. It also provides a procedure for correcting or modifying an inaccurate record. It does not appear that Grimes utilized any of these procedures. In any event, nothing in App.R. 9 mandates vacating a plea or sentence if the record is incomplete.

---

[3] In any event, although we need not reach the issue, Grimes' speedy-trial rights were not violated. The trial court addressed that issue and provided supporting time computations establishing no violation in its decision, order, and entry overruling Grimes' motion. (*See* Doc. #84 at 6-7).

{¶ 15} We note too that the issues about which Grimes complains do not warrant vacating his plea or sentence. As set forth above, he ultimately did obtain what appears to be a relatively accurate and complete transcript of his 2004 plea and sentencing hearings. The two instances where the notation "(indecipherable)" appears are inconsequential. (Plea Tr. at 6; Sentencing Tr. at 12). The first occurred during the trial court's overview of the firearm specifications, an issue it later addressed again for each offense. The second occurred *after* Grimes was sentenced when defense counsel was thanking someone for working on the presentence investigation. The current unavailability of the 2004 discovery packet also cannot be blamed on, or held against, the State. In his appellate brief, Grimes himself acknowledges that the packet only was required to be retained for five years. Finally, Grimes has not raised as an issue on appeal the merits of the denial of his public-records request. Therefore, we have no occasion to consider whether the denial was proper or whether any records he sought would have had relevance to any still-justiciable claim. Accordingly, the third assignment of error is overruled.

{¶ 16} The judgment of the Montgomery County Common Pleas Court is affirmed.

. . . . . . . . . . . . .

DONOVAN, P.J., and WELBAUM, J., concur.

Copies mailed to:

Mathias H. Heck
Heather N. Jans
Brock A. Schoenlein

Hon. Barbara J. Gorman