[Cite as *State v. Kline*, 2022-Ohio-720.]

**IN THE COURT OF APPEALS OF OHIO**
**SECOND APPELLATE DISTRICT**
**CHAMPAIGN COUNTY**

| | | |
|---|---|---|
| STATE OF OHIO | : | |
| | : | |
| Plaintiff-Appellee | : | Appellate Case No. 2021-CA-31 |
| | : | |
| v. | : | Trial Court Case No. 2008-CR-174 |
| | : | |
| STEVEN LEE KLINE | : | (Criminal Appeal from |
| | : | Common Pleas Court) |
| Defendant-Appellant | : | |
| | : | |

. . . . . . . . . . .

O P I N I O N

Rendered on the 11th day of March, 2022.

. . . . . . . . . . .

SAMANTHA B. WHETHERHOLT, Atty. Reg. No. 0092010, Champaign County Prosecutor's Office, 200 North Main Street, Urbana, Ohio 43078
      Attorney for Plaintiff-Appellee

STEVEN LEE KLINE, #A595-944, Chillicothe Correctional Institution, P.O. Box 5500, Chillicothe, Ohio 45601
      Defendant-Appellant, Pro Se

. . . . . . . . . . . .

LEWIS, J.

{¶ 1} Defendant-appellant, Steven Lee Kline, appeals pro se from a judgment of the Champaign County Common Pleas Court denying his motion to withdraw his guilty pleas. For the reasons outlined below, the judgment of the trial court will be affirmed.

## I.    Facts and Course of Proceedings

{¶ 2} In 2008, Kline pled guilty to three counts of rape of a child under the age of ten in exchange for a dismissal of nine similar counts. Each of the three offenses carried a minimum sentence of 15 years to life in prison or a maximum sentence of life without parole. R.C. 2907.02(B). As part of the plea agreement, the prosecution agreed to not recommend a sentence of life without parole. During the plea colloquy, the trial court informed Kline that although the court listens to the recommendations of counsel, the court "is not required to follow anyone's suggestions or recommendations. The Court makes its decision based on the facts of the case, the circumstances of everybody involved, and the law that applies." Plea Tr. 5. Kline indicated that he understood and proceeded with entering his guilty pleas.

{¶ 3} At sentencing, the trial court imposed a term of life without parole on each offense to run consecutively to each other. Kline appealed and advanced two assignments of error on appeal: 1) that the prosecutor violated the plea agreement by advocating for a sentence of life without parole; and 2) that the trial court erred in finding that the sentences on the three counts were required by law to be served consecutively. In reviewing Kline's assigned errors under a plain error analysis, we affirmed the judgment

of the trial court, holding that although the prosecutor's remarks at sentencing were tantamount to a recommendation of the more severe penalty of life without parole in violation of the plea agreement, Kline failed to demonstrate that he had been prejudiced by the breach. *State v. Kline*, 2d Dist. Champaign No. 2009-CA-02, 2010-Ohio-3913, ¶ 6-10. We also held that although Kline's sentences were not required to be served consecutively by law, consecutive sentences were authorized by law, and nothing in the record suggested that the trial court would have instead imposed concurrent sentences if it had recognized its discretion to do so. *Id.* at ¶ 12-13.

{¶ 4} In 2011, Kline filed a post-conviction motion to withdraw his guilty pleas pursuant to Crim.R. 32.1 and a motion for a new trial pursuant to Crim.R. 33. In his motion, Kline argued that his plea was not knowingly, intelligently, and voluntarily entered because the agreed sentence was for 15 years to life but he received a sentence of life without parole. Kline claimed that had he known he would receive a sentence of life without parole, he would not have entered the guilty pleas. Finding that Kline's motion failed to demonstrate a manifest injustice, the trial court denied Kline's motion to withdraw his pleas. Kline's motion for a new trial was also denied. No appeal was taken.

{¶ 5} On July 16, 2021, Kline filed a second post-conviction motion to withdraw his guilty pleas. He explained that because the trial court failed to inform him of all the sex offender registration and notification requirements, his pleas were not entered knowingly, intelligently, and voluntarily. On July 23, 2021, the trial court denied Kline's motion. In so holding, the trial court found that any error in the plea colloquy was "ascertainable from the face of the transcript, and therefore, could have been raised on direct appeal. Since

the issues presented by [Kline's] motion could have been raised on direct appeal, res judicata bars their consideration at this time." Entry Denying Defendant's Motion to Withdraw Plea. Kline now appeals from that order.

## II. The Trial Court Did Not Abuse Its Discretion in Overruling Kline's Motion

{¶ 6} Kline's sole assignment of error states that:

The lower court committed prejudicial error in allowing the tainted plea to remain undisturbed.

{¶ 7} On appeal, Kline raises the same claim that he raised in his July 16, 2021 motion to vacate his pleas, i.e., that his plea was not entered into knowingly, intelligently, and voluntarily. Although acknowledging that the trial court informed him that he would be a Tier III sex offender by entering his guilty pleas, Kline contends the trial court failed to comply with informing him of any community notification requirements under R.C. 2950.11(F). Thus, Kline concludes, his pleas should be vacated.

{¶ 8} The State counters that Kline's motion to withdraw his guilty pleas was barred under the doctrine of res judicata for two reasons. First, Kline's arguments regarding the trial court's compliance with Crim.R. 11(C) were ascertainable from the transcript and, therefore, he could have raised the issues in his direct appeal, but did not. Secondly, Kline previously filed a motion to withdraw his plea in 2011, and res judicata applies to successive Crim.R. 32.1 motions.

{¶ 1} Crim.R. 32.1 provides: "A motion to withdraw a plea of guilty or no contest may be made only before sentence is imposed; but to correct manifest injustice the court after sentence may set aside the judgment of conviction and permit the defendant to

withdraw his or her plea." "We review a trial court's decision on a post-sentence motion to withdraw guilty plea * * * for an abuse of discretion. * * *." *State v. Ogletree*, 2d Dist. Clark No. 2014-CA-16, 2014-Ohio-3431, ¶ 11. "An abuse of discretion is the trial court's 'failure to exercise sound, reasonable, and legal decision-making.' " *State v. Perkins,* 2d Dist. Montgomery No. 24397, 2011-Ohio-5070, ¶ 16, quoting *State v. Beechler,* 2d Dist. Clark No. 2009-CA-54, 2010-Ohio-1900, ¶ 62. (Other citation omitted.) "Absent an abuse of discretion on the part of the trial court in making the ruling, its decision must be affirmed." *State v. Xie,* 62 Ohio St.3d 521, 527, 584 N.E.2d 715 (1992).

{¶ 2} "Under the doctrine of res judicata, a final judgment of conviction bars a convicted defendant who was represented by counsel from raising and litigating in any proceeding except an appeal from that judgment, any defense or any claimed lack of due process that was raised or could have been raised by the defendant at the trial, which resulted in that judgment of conviction, or on an appeal from that judgment." *State v. Perry*, 10 Ohio St.2d 175, 176, 226 N.E.2d 104 (1967), paragraph nine of the syllabus. The doctrine of res judicata "serves to preclude a defendant who has had his day in court from seeking a second on that same issue." *State v. Saxon*, 109 Ohio St.3d 176, 2006-Ohio-1245, 846 N.E.2d 824, ¶ 18. "In doing so, res judicata promotes the principles of finality and judicial economy by preventing endless relitigation of an issue on which a defendant has already received a full and fair opportunity to be heard." *Id.* Further, the Supreme Court of Ohio has noted that "[r]es judicata generally bars a defendant from raising claims in a Crim.R. 32.1 postsentencing motion to withdraw a guilty plea that he raised or could have raised on direct appeal." *State v. Straley*, 159 Ohio St.3d 82, 2019-

Ohio-5206, 147 N.E.3d 623, ¶ 23, citing *State v. Ketterer*, 126 Ohio St.3d 448, 2010-Ohio-3831, 935 N.E.2d 9, ¶ 59.

{¶ 3} The trial court concluded that because Kline's motion could have been raised on direct appeal, res judicata barred its consideration. We agree. "Ohio courts of appeals have applied res judicata to bar the assertion of claims in a motion to withdraw a guilty plea that were or could have been raised at trial or on appeal." *Ketterer* at ¶ 59. Here, Kline entered his guilty pleas on September 30, 2008, and he was sentenced on December 8, 2008. Kline did not raise any claim regarding the validity of his guilty pleas in his direct appeal. Yet Kline's argument is based entirely on the transcript of his 2008 plea hearing and, thus, was available to him at the time of his direct appeal. The validity or invalidity of Kline's pleas would have been immediately apparent when he entered his guilty plea and again when sentence was imposed. "Any issues related to the knowing, intelligent, and voluntary nature of his guilty plea could have been raised in a direct appeal. Therefore, res judicata precludes him from raising those issues now." *State v. Grimes*, 2d Dist. Montgomery No. 26636, 2017-Ohio-25, ¶ 8.

{¶ 4} Moreover, as indicated above, Kline filed his first motion to withdraw his guilty pleas in 2011, which the trial court denied. This Court has recognized that " 'if a Crim.R. 32.1 motion asserts grounds for relief that were or should have been asserted in a previous Crim.R. 32.1 motion, res judicata applies and the second Crim.R. 32.1 motion will be denied.' " *State v. Stone*, 2d Dist. Clark No. 2019-CA-54, 2020-Ohio-1407, ¶ 16, quoting *State v. Fannon*, 2d Dist. Montgomery No. 25957, 2014-Ohio-2673, ¶ 11. Any issue regarding his plea could have been raised in his initial post-sentence motion to

withdraw a guilty plea such that Kline's successive 2021 motion was barred by the doctrine of res judicata.

{¶ 5} Because Kline's motion was barred by the doctrine of res judicata, the trial court did not abuse its discretion in denying Kline's second post-sentence motion to withdraw his guilty pleas. Kline's sole assignment of error is overruled.

III.   Conclusion

{¶ 6} The judgment of the trial court is affirmed.

. . . . . . . . . . . . .

TUCKER, P. J. and DONOVAN, J., concur.

Copies sent to:

Samantha B. Whetherholt
Steven Lee Kline
Hon. J. Timothy Campbell, Visiting Judge