[Cite as *State v. Boulware*, 2023-Ohio-154.]

IN THE COURT OF APPEALS OF OHIO
SECOND APPELLATE DISTRICT
CLARK COUNTY

| | | |
|---|---|---|
| STATE OF OHIO | : | |
| | : | |
| Appellee | : | C.A. No. 2022-CA-38 |
| | : | |
| v. | : | Trial Court Case No. 21CR0636 |
| | : | |
| MARCELLAS L. BOULWARE | : | (Criminal Appeal from Common Pleas |
| | : | Court) |
| Appellant | : | |
| | : | |

. . . . . . . . . . .

O P I N I O N

Rendered on January 20, 2023

. . . . . . . . . . .

IAN A. RICHARDSON, Attorney for Appellee

KRISTIN L. ARNOLD, Attorney for Appellant

. . . . . . . . . . . .

EPLEY, J.

{¶ 1} Defendant-Appellant Marcellas L. Boulware appeals from his conviction in the Clark County Court of Common Pleas after he pleaded guilty to a single count of voluntary manslaughter and was sentenced to 11 to 16½ years in prison. For the reasons

that follow, the judgment of the trial court will be affirmed in part and reversed in part, and the case will be remanded to conduct a new sentencing hearing.

## I.     Facts and Procedural History

{¶ 2} On August 16, 2021, Boulware shot and killed Cailus Parks, Jr. He was eventually arrested and charged with two counts of murder, in violation of R.C. 2903.02(A) and (B), and a single count of felonious assault, a violation of R.C. 2903.11(A)(2). Each count had an attendant firearm specification. After plea negotiations, Boulware agreed to plead guilty to voluntary manslaughter (a first-degree felony); in exchange, the State dismissed the remaining counts and specifications. The parties agreed to a presentence investigation.

{¶ 3} Boulware pleaded guilty on February 10, 2022 and was sentenced on March 10, 2022. At the sentencing hearing, the trial court heard statements from Boulware, counsel for both sides, and several of Parks' family members. After expressing sympathy for the families of both Parks and Boulware, the court imposed the maximum sentence for a first-degree felony – 11 to 16½ years in prison.

{¶ 4} Boulware appeals, raising several alleged errors with his sentence and sentencing hearing.

## II.     Sentence and Hearing

{¶ 5} In his lone assignment of error, Boulware makes multiple claims regarding the legitimacy of his sentence and sentencing hearing. First, he argues that the trial court erred by imposing the maximum sentence "by failing to follow the principles and purposes of felony sentencing and not considering the appropriate mitigating factors." Appellant's

Brief at 9. He then asserts that the trial court failed to inform him of his right to appeal and, finally, that he was not properly informed about sentencing under the Reagan Tokes Act.

Boulware's sentence

{¶ 6} A trial court has full discretion to levy any sentence within the authorized statutory range, and it is not required to make any findings or give its reasons for imposing a maximum or more than minimum sentence. *State v. Jones*, 2d Dist. Clark No. 2020-CA-8, 2021-Ohio-325, ¶ 85. "However, a trial court must consider the statutory criteria that apply to every felony offense, including those set out in R.C. 2929.11 and R.C. 2929.12." *Id.*

{¶ 7} When reviewing felony sentences, we must apply the standard of review set forth in R.C. 2953.08(G). Under that statute, an appellate court may increase, reduce, or modify a sentence, or vacate it all together and remand for resentencing, if it "clearly and convincingly finds either (1) the record does not support certain specified findings or (2) that the sentence imposed is contrary to law." *State v. Worthen*, 2d Dist. Montgomery No. 29043, 2021-Ohio-2788, ¶ 13.

{¶ 8} We may not independently "weigh the evidence in the record and substitute [our] judgment for that of the trial court concerning the sentence that best reflects compliance with R.C. 2929.11 and 2929.12." *State v. Jones*, 163 Ohio St.3d 242, 2020-Ohio-6729, 169 N.E.3d 649, ¶ 42. The inquiry is simply whether the sentence is contrary to law. A sentence is contrary to law when it falls outside the statutory range for the offense or if the sentencing court does not consider R.C. 2929.11 and 2929.12. *State v.*

*Dorsey*, 2d Dist. Montgomery No. 28747, 2021-Ohio-76, ¶ 18.

**{¶ 9}** In this case, Boulware's sentence was within the statutory range for first-degree felonies, and the court stated that it had considered the principles and purposes of sentencing under R.C. 2929.11 and then balanced the seriousness and recidivism factors from R.C. 2929.12. Although the court did not make specific findings regarding all the factors, the judgment entry confirms that the court did consider them. Boulware's sentence was not contrary to law and, to the extent that he claims his sentence was unsupported by the record, that argument is foreclosed by *Jones.* As to Boulware's claim that his sentence was improper, the assignment of error is overruled.

<u>Notification of Appellate Rights</u>

**{¶ 10}** Boulware also notes that at the disposition, the trial court failed to inform him of his right to appeal. Crim.R. 32(B)(2) states that, "[a]fter imposing sentence in a serious offense, the court shall advise the defendant of the defendant's right, where applicable, to appeal or to seek leave to appeal the sentence imposed."

**{¶ 11}** There is no evidence in the record that the trial court informed Boulware of his appellate rights under Crim.R. 32; however, he was not prejudiced by the omission as he still managed to appeal his case with the assistance of counsel. A trial court's failure to advise a defendant of his appellate rights is harmless error where, as here, he files a notice of appeal with the assistance of appointed counsel. *State v. Dews*, 2d Dist. Greene No. 2015-CA-2, 2016-Ohio-4975, ¶ 6; *State v. McCrae*, 5th Dist. Muskingum No. CT2017-0008, 2017-Ohio-2968, ¶ 18 ("Any error in failing to inform McCrae of his appellate rights under Crim.R. 32(B) was harmless because McCrae filed a timely appeal and has not

shown any prejudice.").

**{¶ 12}** Boulware's argument that his sentence was improper because he was not notified of his appellate rights is without merit.

Reagan Tokes Notifications

**{¶ 13}** Finally, Boulware avers that the notifications he was given at his disposition regarding the Reagan Tokes Act were insufficient. We agree.

**{¶ 14}** At the sentencing hearing, the court told Boulware that he would be "sentenced to an indefinite sentence of 11 to 16 and a half years in prison. There's a presumption that you'll be released after serving 11 years but depending upon your conduct in the penitentiary you could be incarcerated for the full 16 and a half years." Disposition Tr. at 15-16. The court then, in its judgment, gave a much more detailed explanation of the Reagan Tokes Act and how it applied to Boulware's sentence. It is not enough, however, to have a thorough explanation *just* in the entry.

**{¶ 15}** We have previously concluded that a trial court is statutorily mandated at a sentencing hearing to orally inform the defendant of *all* the R.C. 2929.19(B)(2)(c) notifications, including:

(i) That it is rebuttably presumed that the offender will be released from service of the sentence on the expiration of the minimum prison term imposed as part of the sentence or on the offender's presumptive earned early release date, as defined in section 2967.271 of the Revised Code, whichever is earlier;

(ii) That the department of rehabilitation and correction may rebut the

presumption described in division (B)(2)(c)(i) of this section if, at a hearing held under section 2967.271 of the Revised Code, the department makes specified determinations regarding the offender's conduct while confined, the offender's rehabilitation, the offender's threat to society, the offender's restrictive housing, if any, while confined, and the offender's security classification;

(iii) That if, as described in division (B)(2)(c)(ii) of this section, the department at the hearing makes the specified determinations and rebuts the presumption, the department may maintain the offender's incarceration after the expiration of that minimum term or after that presumptive earned early release date for the length of time the department determines to be reasonable, subject to the limitation specified in section 2967.271 of the Revised Code;

(iv) That the department may make the specified determinations and maintain the offender's incarceration under the provisions described in divisions (B)(2)(c)(i) and (ii) of this section more than one time, subject to the limitation specified in section 2967.271 of the Revised Code;

(v) That if the offender has not been released prior to the expiration of the offender's maximum prison term imposed as part of the sentence, the offender must be released upon the expiration of that term.

R.C. 2929.19(B)(2)(c)(i)-(v); *State v. Gatewood*, 2d Dist. Clark No. 2021-CA-20, 2022-Ohio-2513, ¶ 12-13; *State v. Massie*, 2d Dist. Clark No. 2020-CA-50, 2021-Ohio-3376;

*State v. Thompson*, 2d Dist. Clark No. 2020-CA-60, 2021-Ohio-4027. In those cases, we rejected the argument that an offender is sufficiently notified of all the information in R.C. 2929.19(B)(2)(c) by just including it in the judgment entry. The same goes in this case.

{¶ 16} There is no question that the trial court informed Boulware of the essence of the Reagan Tokes Act during the sentencing hearing and gave a detailed explanation of it in the judgment entry, but according to our precedent, that is insufficient. A defendant must be given the full explanation at the sentencing hearing and then again in the judgment entry.

{¶ 17} The court's failure to advise Boulware of all the R.C. 2929.19(B)(2)(c) notifications requires a reversal of the sentence and a remand to the trial court for the sole purpose of conducting a new sentencing hearing that complies with the statute. As to Boulware's claim that his Reagan Tokes notification was insufficient, the assignment of error is sustained.

### III.  Conclusion

{¶ 18} While Boulware's sentence length of 11 to 16½ years was proper, the trial court failed to adequately inform him about the details of the sentence regarding the Reagan Tokes Act. Because of that, the judgment of the trial court will be affirmed in part, reversed in part, and remanded for the sole purpose of resentencing in accordance with R.C. 2929.19(B)(2)(c).

. . . . . . . . . . . . .


TUCKER, J. and LEWIS, J., concur.