[Cite as *State v. Boulware*, 2024-Ohio-1388.]

IN THE COURT OF APPEALS OF OHIO
SECOND APPELLATE DISTRICT
CLARK COUNTY

| | | |
|---|---|---|
| STATE OF OHIO | : | |
| | : | |
| Appellee | : | C.A. No. 2023-CA-32 |
| | : | |
| v. | : | Trial Court Case No. 21CR0636 |
| | : | |
| MARCELLAS L. BOULWARE | : | (Criminal Appeal from Common Pleas |
| | : | Court) |
| Appellant | : | |
| | : | |

. . . . . . . . . . .

O P I N I O N

Rendered on April 12, 2024

. . . . . . . . . . .

CHRIS BECK, Attorney for Appellant

ROBERT LOGSDON, Attorney for Appellee

. . . . . . . . . . . .

WELBAUM, J.

{¶ 1} Appellant Marcellas L. Boulware appeals from a judgment of the Clark County Court of Common Pleas overruling his post-sentence motion to withdraw his guilty plea. For the reasons outlined below, the judgment of the trial court will be affirmed.

**Facts and Course of Proceedings**

{¶ 2} On September 27, 2021, a Clark County grand jury indicted Boulware on single counts of murder in violation of R.C. 2903.02(A), felonious assault in violation of R.C. 2903.11(A)(2), and felony murder (proximate result of felonious assault) in violation of R.C. 2903.02(B). The murder and felony murder counts each included a three-year firearm specification. The counts and specifications arose from allegations that on August 16, 2021, Boulware shot and killed Cailus Parks, Jr. outside an apartment in Springfield, Ohio.

{¶ 3} After engaging in plea negotiations with the State, Boulware agreed to plead guilty to an amended first-degree-felony count of voluntary manslaughter. In exchange for Boulware's guilty plea, the State agreed to dismiss all the other counts and specifications in the indictment. The parties also agreed to have a presentence investigation conducted prior to sentencing.

{¶ 4} On February 10, 2022, the trial court held a plea hearing and accepted Boulware's guilty plea to voluntary manslaughter. The trial court held a sentencing hearing on March 10, 2022, during which it briefly explained the Reagan Tokes Law indefinite sentencing scheme and imposed the maximum possible sentence of 11 to 16.5 years in prison. Boulware filed a direct appeal from his conviction in which he raised a single assignment of error that challenged several aspects of his sentence.

{¶ 5} On appeal, this court found that although Boulware's 11-to-16.5-year prison sentence was proper, the trial court had failed to orally inform Boulware at the sentencing hearing of certain notifications under R.C. 2929.19(B)(2)(c) that must be given to offenders who are sentenced under the Reagan Tokes Law. *State v. Boulware*, 2d Dist.

Clark No. 2022-CA-38, 2023-Ohio-154, ¶ 14-16. We explained that "[a] defendant must be given the full explanation [of the R.C. 2929.19(B)(2)(c) notifications] at the sentencing hearing and then again in the judgment entry." *Id.* at ¶ 16. Because the trial court did not give the required notifications at Boulware's sentencing hearing, we affirmed Boulware's conviction in part, reversed it in part, and remanded the matter to the trial court for the sole purpose of resentencing Boulware in accordance with R.C. 2929.19(B)(2)(c). *Id.* at ¶ 17-18.

{¶ 6} Four months later, Boulware filed a pro se motion to withdraw his guilty plea pursuant to Crim.R. 32.1. Boulware filed the motion before the trial court resentenced him.[1] In his motion, Boulware argued that he did not knowingly, intelligently, and voluntarily enter his guilty plea to voluntary manslaughter due to the trial court's failing to comply with the notice requirements in R.C. 2929.19(B)(2)(c). According to Boulware, this failure violated the felony plea requirements in Crim.R. 11(C)(2) and rendered his guilty plea invalid.

{¶ 7} The trial court disagreed with Boulware's claim and overruled his motion to withdraw his guilty plea in a brief, one-sentence entry filed on May 25, 2023. Boulware thereafter filed the instant appeal from the trial court's judgment overruling his motion; he raises a single assignment of error for review.

## Assignment of Error

{¶ 8} Under his assignment of error, Boulware contends that the trial court erred

---

[1] The trial court docket indicates that the resentencing hearing was recently held on March 8, 2024.

by overruling his motion to withdraw his guilty plea. In so arguing, Boulware raises the same general claim that he raised in his motion, i.e., that the trial court's failure to advise him of the Reagan Tokes Law notifications in R.C. 2929.19(B)(2)(c) violated the felony plea requirements under Crim.R. 11(C)(2) and rendered his guilty plea invalid. Although not specifically argued in his motion, in his appellate brief, Boulware indirectly suggests that the failure to give the notifications in question violated the trial court's duty under Crim.R. 11(C)(2)(a) to advise him, at the plea hearing, of the maximum possible penalty he could receive for his offense before entering his guilty plea. Because of this alleged deficiency, Boulware maintains that his guilty plea was not knowingly, intelligently, and voluntarily entered and therefore must be vacated.

*Standard of Review*

{¶ 9} Appellate courts review a trial court's ruling on a motion to withdraw a guilty plea for abuse of discretion. *State v. Rozell*, 2018-Ohio-1722, 111 N.E.3d 861, ¶ 25 (2d Dist.), citing *State v. Smith*, 49 Ohio St.2d 261, 264, 361 N.E.2d 1324 (1977), paragraph two of the syllabus. "A trial court abuses its discretion when it makes a decision that is unreasonable, unconscionable, or arbitrary." (Citation omitted.) *State v. Darmond*, 135 Ohio St.3d 343, 2013-Ohio-966, 986 N.E.2d 971, ¶ 34. Most instances of abuse of discretion occur when a trial court makes a decision that is unreasonable. *AAAA Ents., Inc. v. River Place Community Urban Redevelopment Corp.*, 50 Ohio St.3d 157, 161, 553 N.E.2d 597 (1990). "A decision is unreasonable if there is no sound reasoning process that would support that decision." *Id.* " 'Absent an abuse of discretion on the part of the

trial court in making the ruling, its decision must be affirmed.' " *State v. Ogletree*, 2d Dist. Clark No. 2014-CA-16, 2014-Ohio-3431, ¶ 11, quoting *State v. Xie*, 62 Ohio St.3d 521, 527, 584 N.E.2d 715 (1992).

*Law and Analysis*

{¶ 10} Upon review, we find that the trial court did not abuse its discretion by overruling Boulware's motion to withdraw his guilty plea because the argument raised therein was barred by the doctrine of res judicata and otherwise lacked merit.

{¶ 11} "The doctrine of res judicata bars a criminal defendant from raising and litigating in any proceedings any defense or claimed lack of due process that was raised or could have been raised on direct appeal from the conviction." (Citations omitted.) *State v. Young*, 2d Dist. Montgomery No. 20813, 2005-Ohio-5584, ¶ 8. "[T]he Supreme Court of Ohio has noted that '[r]es judicata generally bars a defendant from raising claims in a Crim.R. 32.1 postsentencing motion to withdraw a guilty plea that he raised or could have raised on direct appeal.' " *State v. Kline*, 2d Dist. Champaign No. 2021-CA-31, 2022-Ohio-720, ¶ 10, quoting *State v. Straley*, 159 Ohio St.3d 82, 2019-Ohio-5206, 147 N.E.3d 623, ¶ 23, citing *State v. Ketterer*, 126 Ohio St.3d 448, 2010-Ohio-3831, 935 N.E.2d 9, ¶ 59. This court has specifically held that res judicata precludes an appellant from raising "[a]ny issues related to the knowing, intelligent, and voluntary nature of [the defendant's] guilty plea [that] could have been raised in a direct appeal." *State v. Grimes*, 2d Dist. Montgomery No. 26636, 2017-Ohio-25, ¶ 8, citing *State v. Havens*, 2d Dist. Champaign No. 2010-CA-27, 2011-Ohio-5019, ¶ 9 and *State v. Kemp*, 2d Dist. Clark

No. 2014-CA-32, 2014-Ohio-4607, ¶ 12.

{¶ 12} As previously discussed, Boulware filed his motion to withdraw his guilty plea after he had already filed a direct appeal from his conviction.  In his motion, Boulware challenged the knowing, intelligent, and voluntary nature of his guilty plea based on the trial court's failure to advise him of the Reagan Tokes Law notifications set forth in R.C.2929.19(B)(2)(c).  That failure, however, was ascertainable from the record of the plea hearing and therefore could have been raised during Boulware's direct appeal. Because Boulware could have, but did not, raise that issue in his direct appeal, the doctrine of res judicata barred him from raising it in his post-sentence motion to withdraw his guilty plea.

{¶ 13} Even if res judicata did not bar the issue raised in Boulware's motion, the trial court's decision overruling the motion did not amount to an abuse of discretion, because the argument raised in Boulware's motion failed to establish a manifest injustice warranting the withdrawal of his guilty plea.

{¶ 14} "Under Crim.R. 32.1, a trial court may permit a defendant to withdraw a plea after imposition of sentence only to correct a manifest injustice."  (Citations omitted.) *State v. Ray*, 2d Dist. Champaign No. 2019-CA-31, 2020-Ohio-4769, ¶ 11.  The burden to prove the existence of a manifest injustice in a post-sentence motion to withdraw a plea rests upon the defendant.  *Smith*, 49 Ohio St.2d 261, 361 N.E.2d 1324, at paragraph one of the syllabus; *State v. Turner*, 171 Ohio App.3d 82, 2007-Ohio-1346, 869 N.E.2d 708, ¶ 20 (2d Dist.).  A defendant may establish a manifest injustice " 'by showing that he did not enter the guilty plea in a knowing, intelligent, or voluntary manner.' "  *State v. Leifheit*,

2d Dist. Clark No. 2019-CA-78, 2020-Ohio-5106, ¶ 16, quoting *State v. Riley*, 4th Dist. Washington No. 16CA29, 2017-Ohio-5819, ¶ 18.   (Other citations omitted.)

{¶ 15} "To ensure that a defendant is entering a felony plea knowingly, intelligently, and voluntarily, the trial court must engage the defendant personally and explain the rights set forth in Crim.R. 11(C)(2) before accepting the plea."   *State v. Harris*, 2d Dist. Clark No. 2020-CA-29, 2021-Ohio-1431, ¶ 8, citing *State v. Clark*, 119 Ohio St.3d 239, 2008-Ohio-3748, 893 N.E.2d 462, ¶ 27.   Crim.R. 11(C)(2)(a) specifically requires the trial court to explain, among other things, "the maximum penalty involved[.]"   A defendant is generally "not entitled to have his plea vacated unless he demonstrates he was prejudiced by a failure of the trial court to comply with the provisions of Crim.R. 11(C)."   *State v. Dangler*, 162 Ohio St.3d 1, 2020-Ohio-2765, 164 N.E.3d 286, ¶ 16, citing *State v. Nero*, 56 Ohio St.3d 106, 108, 564 N.E.2d 474 (1990).   However, when a trial court completely fails to comply with a portion of Crim.R. 11(C) or when a trial court fails to explain the constitutional rights that a defendant waives by pleading guilty or no contest, no showing of prejudice is required.   (Citations omitted.)   *Id.* at ¶ 14-15.

{¶ 16} As previously discussed, Boulware argued in his motion to withdraw his guilty plea that his guilty plea to voluntary manslaughter was not knowingly, intelligently, and voluntarily entered because the trial court did not advise him of the Reagan Tokes Law notifications set forth in R.C. 2929.19(B)(2)(c).   R.C. 2929.19(B)(2)(c) sets forth five notifications that the trial court is required give during the offender's *sentencing hearing* if the offender is receiving an indefinite sentence under the Reagan Tokes Law.   *See* R.C. 2929.19(B)(2)(c)(i)-(v).   Generally speaking, the R.C. 2929.19(B)(2)(c) notifications

inform the offender that there is a rebuttable presumption that the offender will be released from prison after the expiration of the minimum prison term imposed by the trial court. R.C. 2929.19(B)(2)(c)(i).   The notifications also inform the offender about the procedure that is used by the Ohio Department of Rehabilitation and Corrections ("ODRC") to rebut that presumption.   R.C. 2929.19(B)(2)(c)(ii)-(iv).   The notifications further inform the offender that if he or she has not been released prior to the expiration of the maximum prison term imposed by the trial court, the offender must be released upon the expiration of that term.   R.C. 2929.19(B)(2)(c)(v).

{¶ 17} We note that R.C. 2929.19 governs sentencing hearings, and that R.C. 2929.19(B)(2)(c) specifically indicates that the notifications in question must be given at the offender's sentencing hearing.   *See State v. Holland*, 2d Dist. Montgomery No. 29791, 2023-Ohio-4834, ¶ 96.   Although in Boulware's prior appeal we found that the trial court had erred by failing to give the R.C. 2929.19(B)(2)(c) notifications during his sentencing hearing, the issue in the instant appeal concerns Boulware's plea hearing. More specifically, it concerns whether the trial court complied with Crim.R. 11(C)(2)(a) during the plea hearing.

{¶ 18} Boulware has failed to present any authority supporting the notion that the R.C. 2929.19(B)(2)(c) notifications must be given at the plea hearing in order to comply with Crim.R. 11(C)(2)(a).   In fact, case law from this state suggests that the failure to give the R.C. 2929.19(B)(2)(c) notifications at the plea hearing does not invalidate a guilty plea.   For example, in *State v. Hodgkin*, 12th Dist. Warren No. CA2020-08-048, 2021-Ohio-1353, the Twelfth District Court of Appeals noted that it was "immaterial" that the

trial court did not provide all of the R.C. 2929.19(B)(2)(c) notifications at the plea hearing because "[t]he trial court is required to advise an offender of the 2929.19(B)(2)(c) notifications *at the sentencing hearing*[.]" (Emphasis sic.) *Id.* at fn. 3.

{¶ 19} In *State v. Searight*, 1st Dist. Hamilton No. C-230060, 2023-Ohio-3584, the First District Court of Appeals noted that although the defendant had argued that the trial court's failure to apprise him of the Reagan Tokes Law notifications under R.C. 2929.19(B)(2)(c) rendered his guilty pleas invalid, "the substance of his argument and his request for proper notifications * * * stick to the sentence, not the pleas." *Id.* at ¶ 6.

{¶ 20} In *State v. Conner*, 3d Dist. Wyandot No. 16-21-01, 2021-Ohio-1769, the Third District Court of Appeals specifically held that the trial court did not err by failing to advise the defendant, at the plea hearing, of one of the notifications under R.C. 2929.19(B)(2)(c), i.e., that the ODRC could rebut the presumption of his release once the defendant completed the minimum prison term imposed. *Id.* at ¶ 14. Despite the trial court's failure to give that notification, the Third District held that the trial court had substantially complied with Crim.R. 11(C)(2)(a) in its explanation of the maximum penalty. *Id.* at ¶ 16.

{¶ 21} In *State v. Massie*, 2d Dist. Clark No. 2020-CA-50, 2021-Ohio-3376, this court held that the appellant was not entitled to have his guilty plea vacated where the trial court gave no explanation of the Reagan Tokes indefinite sentencing scheme at all during the plea hearing, let alone the specific R.C. 2929.19(B)(2)(c) notifications. *Id.* at ¶ 14. During the plea hearing, the trial court in *Massie* correctly advised the appellant that the maximum penalty was an indefinite term of 8 to 12 years in prison and a $15,000

fine, but it did not give any further explanation. *Id.* We held that because the trial court did not completely fail to advise the appellant of the correct maximum penalty, but rather did so incompletely, in order to have his guilty plea vacated, the appellant was required to show that he was prejudiced by the trial court's advisement. *Id.* at ¶ 15. Because the appellant did not argue or establish prejudice, we found that he was not entitled to have his guilty plea vacated. *Id.*

**{¶ 22}** In the present case, the record of the plea hearing establishes that the trial court not only correctly explained the maximum penalty for Boulware's offense, but that it also briefly explained the Reagan Tokes Law indefinite sentencing scheme. Specifically, the trial court told Boulware that his maximum penalty was a $20,000 fine and an indefinite sentence of 11 to 16.5 years in prison, and then explained that "whatever sentence the court imposes, that there's a presumption that you would be released after serving the lower number." Plea Hearing Tr. (Feb. 10, 2022), ¶ 7. The trial court also stated the following:

> So the maximum penalty is 11 to 16 and a half years in prison. If that were imposed, there would be a presumption that you would be released after serving 11 years. * * * And then depending upon your conduct in the penitentiary, the Department of Rehabilitation and Corrections could overcome the presumption and incarcerate you for the full high-end term.

*Id.* at ¶ 7-8.

We find that the trial court's explanation sufficiently advised Boulware of the

maximum penalty he faced in light of the indefinite sentencing scheme set forth in the Reagan Tokes Law and therefore complied with Crim.R. 11(C)(2)(a). Because the trial court is only required to give the R.C. 2929.19(B)(2)(c) notifications at the sentencing hearing, and because the trial court sufficiently advised Boulware of his maximum possible penalty at the plea hearing as required by Crim.R. 11(C)(2)(a), Boulware's motion to withdraw his guilty plea failed to demonstrate a manifest injustice warranting the withdrawal of his plea. Other than the meritless claim regarding the R.C. 2929.19(B)(2)(c) notifications, Boulware's motion alleged no other facts establishing that his guilty plea was not knowingly, intelligently, and voluntarily entered.

Because the argument in Boulware's motion to withdraw his guilty plea was barred by res judicata and otherwise lacked merit, the trial court's decision to overrule the motion was not an abuse of discretion. Therefore, Boulware's sole assignment of error is overruled.

## Conclusion

{¶ 23} Having overruled Boulware's assignment of error, the judgment of the trial court is affirmed.

. . . . . . . . . . . . .

LEWIS, J. and HUFFMAN, J., concur.