[Cite as *State v. Garcilaso*, 2025-Ohio-352.]

IN THE COURT OF APPEALS OF OHIO
FOURTH APPELLATE DISTRICT
ROSS COUNTY

| | |
|---|---|
| STATE OF OHIO, | : |
| Plaintiff-Appellee, | : CASE NO. 24CA3 |
| v. | : |
| JESSE GARCILASO, | : DECISION AND JUDGMENT |
| Defendant-Appellant. | : |

_____

APPEARANCES:

Jeffrey C. Marks, Ross County Prosecuting Attorney, Chillicothe, Ohio, for appellant.

Mallorie Thomas, Assistant State Public Defender, Columbus, Ohio, for appellee.[1]
_____
CRIMINAL APPEAL FROM COMMON PLEAS COURT
DATE JOURNALIZED:1-31-25
ABELE, J.

{¶1} This is an appeal from a Ross County Common Pleas Court judgment of conviction and sentence. Jesse Garcilaso, defendant below and appellant herein, assigns the following errors for review:

> FIRST ASSIGNMENT OF ERROR:
>
> "THE TRIAL COURT ERRED WHEN IT DENIED MR.
> GARCILASO'S MOTION TO SUPPRESS THE RESULTS OF

---

[1] Different counsel represented appellee during the trial court proceedings.

THE STANDARDIZED FIELD SOBRIETY TESTS.  2/16/23
MOTION TO SUPPRESS; 5/30/23 DECISION ON MOTION
TO SUPPRESS; 5/5/23 SUPPRESSION HEARING TR."
SECOND ASSIGNMENT OF ERROR:

"MR. GARCILASO'S INDEFINITE SENTENCE IS
CONTRARY TO LAW BECAUSE THE TRIAL COURT FAILED
TO PROVIDE HIM WITH THE REQUIRED ADVISEMENTS
UNDER R.C. 2929.19(B)(2)(c) AT HIS SENTENCING
HEARING.  REVISED CODE 2953.08; R.C. 2929.19;
DISPOSITION TR. 25-30; 12/26/23 SENTENCING
ENTRY."

{¶2} On December 2, 2022, a Ross County Grand Jury returned an indictment that charged appellant with (1) one count of Aggravated Vehicular Homicide in violation of R.C. 2903.06(A)(1)(a), a felony of the first degree, and (2) one count of Aggravated Vehicular Homicide in violation of R.C. 2903.06(A)(2)(a), a felony of the second degree.  These charges emanated from an August 29, 2022 tragic event when appellant operated a vehicle that struck multiple vehicles and crashed into the front portion of a house, thereby causing the porch roof to collapse and resulting in the death of the homeowner, Cody Jordan.

{¶3} Subsequently, appellant filed a motion to suppress the evidence obtained from the field sobriety tests administered at the crash scene.  In particular, appellant asserted that the test

administration failed to comply with the National Highway Traffic Safety Administration (NHTSA) guidelines.

{¶4} At the suppression hearing, Ohio State Highway Patrol Trooper Kenneth Cottrill testified that he arrived at the accident scene and learned that appellant's vehicle struck several other vehicles before he crashed into a house porch that resulted in the death of the homeowner. Cottrill noticed damage to both sides and the front of appellant's vehicle and he asked appellant to exit a sheriff's cruiser. Immediately, Cottrill noticed the odor of an alcoholic beverage and marijuana and he asked appellant if he had consumed alcohol. Appellant replied that he had ingested two to three alcoholic beverages. At this juncture, Cottrill administered field sobriety tests, including horizontal gaze nystagmus (HGN), a walk and turn test and a one leg stand. Appellant complied with Cottrill's requests and, at the conclusion of the tests, Cottrill placed appellant under arrest.

{¶5} Appellant's motion to suppress raised multiple issues with each of the field sobriety tests and both parties extensively questioned Trooper Cottrill concerning his training, experience and

his administration of the tests.  After the trial court heard Cottrill and appellant testify, observed Cottrill's bodycam video and reviewed the NHTSA standards, the court issued a very detailed decision that overruled appellant's motion to suppress evidence.

{¶6}  On November 3, 2023, appellant pleaded no contest to Count One of the indictment and the prosecution requested the trial court dismiss Count Two.  The court accepted appellant's plea, found him guilty of the charge and (1) sentenced him to serve an 11-year prison term with a maximum indefinite term of 16.5 years, (2) suspended appellant's driver's license for life, and (3) ordered appellant to pay $18,460.30 in restitution.  This appeal followed.

I

{¶7}  In his first assignment of error, appellant asserts that the trial court erred when it overruled his motion to suppress evidence.  In particular, appellant argues that Trooper Cottrill failed to substantially comply with the applicable NHTSA standards when he administered the field sobriety tests and, thus, the test results should be suppressed.

**{¶8}**  In general, appellate review of a motion to suppress evidence presents a mixed question of law and fact.  *State v. Burnside*, 2003-Ohio-5372; *State v. Moore*, 2013-Ohio-5506 (4th Dist.).  When considering a motion to suppress, the trial court assumes the role of trier of fact and is therefore in the best position to resolve factual questions and evaluate witness credibility.  *State v. Hansard*, 2020-Ohio-5528, (4th Dist.).  Appellate courts must accept a trial court's finding of fact if supported by competent, credible evidence.  Accepting these facts as true, the appellate court must then independently determine, without deference to the trial court's conclusion, whether the facts satisfy the applicable legal standard.  *State v. Williams*, 2024-Ohio-2146, (4th Dist.).  Additionally, appellate review of a trial court's finding is highly deferential because the trier of fact has the opportunity to observe witness demeanor.  *State v. Walker*, 4th Dist. Lawrence No. 01CA34, 2002-Ohio-7372 ¶ 54.

**{¶9}**  In the case sub judice, the trial court determined with respect to the horizontal gaze nystagmus test that: (1) Trooper Cottrill asked the required questions before he administered the

test, but need not inquire about appellant's medical history; (2) the officer held the stimulus pen the appropriate distance from appellant; and (3) the officer moved the stimulus according to the NHTSA standard.  With respect to the walk and turn test, Trooper Cottrill's instructions "were almost verbatim to the instructions contained in the NHTSA manual."  Finally, regarding the one leg stand test the court noted that nothing in the NHTSA manual prohibits the administration of this test to obese subjects. Consequently, the trial court determined that the prosecution demonstrated, by clear and convincing evidence, that appellant's field sobriety tests substantially complied with the pertinent testing standards.  *State v. Codeluppi*, 2014-Ohio-1574; R.C. 4511.19(D)(4)(b).

{**¶10**} After our review of the evidence adduced at the suppression hearing, we agree with the trial court's conclusions. We believe that Trooper Cottrill's administration of the field sobriety tests substantially complied with the pertinent NHTSA standards.  We also recognize that properly administered field sobriety tests can provide law enforcement with information to form

7

a reasonable belief that a suspect operated a vehicle while under the influence of alcohol or drugs. *State v. Richards*, 2015-Ohio-669 (4th Dist.).

{¶11} In the case sub judice, it is also important to recognize that other factors, aside from the field sobriety test results, could provide law enforcement with (1) a reasonable belief that appellant operated his vehicle while under the influence, thus establishing probable cause for arrest, and (2) sufficient facts to establish beyond a reasonable doubt that appellant operated his vehicle while under the influence. In the case at bar, appellant (1) collided with multiple parked vehicles, (2) collided with a house that resulted in a porch roof collapse that caused the death of the homeowner; (3) had an odor about his person of an alcoholic beverage and marijuana, (4) demonstrated general physical unsteadiness aside from the field sobriety tests, and (5) admitted he had recently consumed alcohol. See *State v. Schmidt, 2004-Ohio-37* (probable cause to arrest for OVI exists when the totality of the circumstances give rise to the reasonable belief that the individual drove while under the influence of alcohol); see, also,

*State v. Roar*, 2014-Ohio-5214 (4th Dist.); *State v. Davis*, 2008-Ohio-6991 (11th Dist.).  Evidence sufficient to establish driving under the influence may include erratic driving, a vehicle collision and a defendant's physical unsteadiness.  See *Cleveland v. Clark*, 2024-Ohio-4491 (8th Dist.); *State v. Terry*, 2024-Ohio-2935 (2d Dist.).  In other words, convictions have occurred even when defendants have refused to comply with requests to perform field sobriety tests and no chemical test results were available to determine alcohol concentration.

{¶12} Accordingly, based upon the foregoing reasons, we overrule appellant's first assignment of error.

II

{¶13} In his second assignment of error, appellant asserts that his sentence is contrary to law because he did not receive all of the required R.C. 2929.19(B)(2)(c) notifications.  In particular, appellant contends that the trial court did not provide all of the required advisements, both at the sentencing hearing and in the court's sentencing entry.

{¶14} Appellee concedes that the trial court did not fully

9

inform appellant of the applicable Reagan-Tokes notices, and requests that the case be remanded for resentencing to fully comply with the statute and applicable case authority.

{¶15} For defendants sentenced under the Reagan-Tokes Law, trial courts must provide the required notifications both at the sentencing hearing and in the court's judgment entry. *State v. Cunningham*, 2023-Ohio-4305, (4th Dist.); *State v. Estep,* 2024-Ohio-58, (4th Dist.); and *State v. Bulware*, 2024-Ohio-1388, (2nd Dist.). Here, because the trial court's sentence allows the Ohio Department of Rehabilitation and Correction to extend appellant's sentence beyond the stated minimum term, the court must comply with the applicable notification provision. Once again in the instant case both parties agree that appellant did not receive all of the required advisements.

{¶16} Therefore, based upon the foregoing reasons, we sustain appellant's second assignment of error and remand this matter for resentencing consistent with this opinion. In all other respects, we affirm the trial court's judgment.

JUDGMENT AFFIRMED IN PART,
REVERSED IN PART AND REMANDED

10
FOR RESENTENCING CONSISTENT WITH
THIS OPINION.

JUDGMENT ENTRY

It is ordered that the judgment be affirmed in part, reversed in part, and the cause remanded for resentencing consistent with this opinion.  Appellant shall recover of appellee the costs herein taxed.

The Court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate issue out of this Court directing the Ross County Common Pleas Court to carry this judgment into execution.

A certified copy of this entry shall constitute that mandate pursuant to Rule 27 of the Rules of Appellate Procedure.

Hess, J. & Wilkin, J.: Concur in Judgment & Opinion

11

For the Court

BY:_____
                                    Peter B. Abele, Judge

NOTICE TO COUNSEL

Pursuant to Local Rule No. 14, this document constitutes a final judgment entry and the time period for further appeal commences from the date of filing with the clerk.